### BEEZLEY v. STATE.    (No. 10664.)

Court of Criminal Appeals of Texas.    Nov. 16, 1927.

Rehearing Denied Feb. 1, 1928.

**1. Rape ⬥⟹16(5)—One taking hold of female under 18 with present purpose of having carnal knowledge of her is guilty of "assault with intent to rape."**

One who takes hold of person of female under age of 18 years with present purpose of then having carnal knowledge of her, either with or without her consent, is guilty of an "assault with intent to rape."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assault with Intent to Commit Rape.]

**2. Rape ⬥⟹16(5)—That prosecutrix is married makes no difference in assault with intent to rape female under consent age.**

That prosecutrix under age of consent was married makes no difference in offense of assault with intent to rape.

**3. Criminal law ⬥⟹721(5)—State's attorney's argument that statement of witness was not refuted held not improper reference to defendant's failure to testify.**

Argument of state's attorney that statement of witness was not refuted in this case was not improper as reference to defendant's failure to testify, where other persons were present during occurrence of matters about which such witness testified.

**4. Criminal law ⬥⟹730(14)—Argument as to what jury would do if some man took their wives out and attempted to do what defendant did to prosecutrix held not prejudicial, in view of instruction to disregard.**

Argument of state's attorney asking jury what they would do if some man would take their wives out and attempt to do what defendant did to prosecutrix, which court, upon objection, both orally and in writing instructed jury not to consider, was not of such prejudicial character as could not be cured by such instructions.

**5. Criminal law ⬥⟹598(2)—Continuance for absent witnesses held properly denied, in absence of showing effort to have process executed.**

Defendant's application for continuance for absent witnesses held properly overruled, where

---

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant wholly failed to show that process issued was ever delivered to any officer or any attempt made to have same executed.

**6. Criminal law ☞600(1)—Expected testimony of absent witness cannot be questioned if attached to motion for new trial.**

If affidavit of absent witness is attached to motion for new trial and in line with what is set up as expected of him in application for continuance, trial judge is precluded from questioning fact that witness would likely have testified as set up in application.

**7. Criminal law ☞956(5)—New trial for absent witnesses held properly denied, in absence of affidavits attached to motion, there appearing no probability of adducing expected testimony.**

New trial for absent witnesses was properly denied, where no affidavit of witnesses was attached to motion for new trial, and it did not appear from testimony at trial that witnesses, if present, would have testified to facts stated.

**8. Rape ☞53(2)—Evidence held to sustain conviction of assault to rape.**

Evidence *held* to sustain conviction of assault to rape.

**9. Criminal law ☞364(3)—Defendant's statements to witnesses arriving at scene of assault held admissible as part of res gestæ.**

Testimony as to statement of defendant at time witnesses arrived upon scene while defendant was engaged in assault with intent to rape is admissible as part of res gestæ.

Appeal from District Court, Carson County; W. R. Ewing, Judge.

Lee Beezley was convicted of assault to rape, and he appeals. Affirmed.

James Spiller and O'Keefe & Douglass, all of Panhandle, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction for assault to rape; punishment, 7 years in the penitentiary.

[1, 2] The alleged injured female was unquestionably under 18 years of age. There seems no controversy in the testimony over the fact that appellant, when discovered by witnesses, was prostrate upon the form of prosecutrix whose clothes were up to her waist, and he was endeavoring at least to have intercourse with her. Proof of these facts would seem to measure up to the requirements laid down in Cromeans v. State, 59 Tex. Cr. Rep. 617, 129 S. W. 1129, Shroeder v. State, 92 Tex. Cr. Rep. 9, 241 S. W. 169, and Wilson v. State, 94 Tex. Cr. Rep. 374, 251 S. W. 221, which adhere to the announcement that one who takes hold of the person of a female under the age of 18 years, in this state, with the present purpose of then having carnal knowledge of her, either with or without her consent, is guilty of an assault with intent to rape. Some authorities are collated in the Wilson Case, supra. Nor do we regard the proposition that prosecutrix being married made any difference in the offense committed, or introduced any other element therein. See Smith v. State (Tex. Cr. App.) 74 S. W. 556; Miller v. State, 79 Tex. Cr. Rep. 9, 185 S. W. 32. Our view thus expressed makes plain the proposition that we are not in accord with several exceptions to the charge of the court which in different forms presented the view of appellant's attorneys that the charge was erroneous because same submitted to the jury the law in line with what we have said above. We find nothing in any of the exceptions which are presented in bills of exception Nos. 7 to 11, inclusive.

[3] Bills of exception Nos. 12 and 13 were taken to argument made by the state's attorney. In the opening argument said attorney stated to the jury as follows: "The statement of Bill Williams was not refuted in this case." Other persons were present during the occurrence of the matters about which Mr. Williams testified. We do not regard this argument as in any sense a necessary reference to the failure of the defendant to testify. Unless the argument is made in such manner as to give rise to the necessary inference that the defendant is the only person who could have refuted the testimony of Williams, the argument would not be held by us improper.

[4] The argument complained of in bill of exceptions No. 13 was that the state's attorney asked the jury what they would do if some man would take their wives out in a canyon and attempt to do what this defendant did to the prosecutrix. Upon objection being made, the court instructed the jury not to consider this argument, and gave them a written instruction to that effect. We do not regard such argument as obviously hurtful, or of such character as that the court could not correct any impression made by same, by an instruction not to consider it.

[5-7] Appellant's chief insistence is that the court erred in overruling his application for continuance. Same has been carefully considered. The offense is alleged to have been committed on the 17th of August, 1926, and the arrest of appellant immediately followed. He was indicted on the 24th of August, and his case set the same day for the 30th of said month. He procured a subpoena to the adjoining county of Hutchinson for one Jack Mulhall, and a subpoena to the county of the forum for one Brown. If either subpoena had been returned on the 31st of August when the case was called for trial, there is nothing in the record to so show. If either subpoena had ever been sent or delivered to any officer to whom the same might have

been addressed, the record is bare of any fact so indicating. The record is devoid of any showing of diligence. Under article 543, Vernon's 1925 Annotated C. C. P., appear many notes. In those under subdivision 2, upon citation of half a hundred cases, it is stated as follows:

"It is not sufficient to merely state that process was sued out, but it must be shown what was done with it; to whom, and when it was delivered, and when issued to another county, the manner and time of its transmission must be shown," etc.

See, also, Wilson v. State, 87 Tex. Cr. Rep. 625, 224 S. W. 772; Palmer v. State, 92 Tex. Cr. Rep. 640, 245 S. W. 238; Eads v. State, 94 Tex. Cr. Rep. 514, 252 S. W. 531; Johnson v. State, 95 Tex. Cr. Rep. 269, 252 S. W. 554; Garlington v. State, 99 Tex. Cr. Rep. 331, 269 S. W. 791.

Appellant, having wholly failed to show that the process issued was ever delivered to any officer, or any attempt made to have the same executed, brings himself completely within the rules just referred to. One of said witnesses was in the county where the case was tried, and the other in an adjoining county a few miles away. We are unable to see any reaseon why some showing could not have been made if the presence of said witnesses had really been desired, and if they would have given the testimony attributed to them in the application. The improbability of their giving such testimony appears apparent in the record. Appellant did not take the stand, nor did he introduce any witness to suggest conduct or acts on the part of prosecutrix in line with the testimony attributed to said absent witnesses. We have uniformly held that if the affidavit of such absent witness be attached to the motion for new trial, and be in line with what is set up as expected of him in the application for continuance, the trial judges would be precluded from questioning the fact that the witness would likely have testified as set up in the application. No affidavit of either of said witnesses is attached to the motion for new trial in the instant case. No one having testified on the trial to facts which would appear to lend color to the claim that these witnesses, if present, would have testified to the facts stated in the application, and no affidavits being attached to the motion for new trial, we see no error in the action of the trial judge in overruling the motion for new trial.

[8, 9] The facts in this case seem amply sufficient to support the judgment. Prosecutrix was a young girl who married when she was 16 and was on her way to join her young husband who worked in the oil fields at the time of this occurrence. Appellant was the driver of a Red Ball bus or taxicab, and was conveying her from Panhandle to some point in the oil field. Apparently the two were alone in the vehicle. Without any contradiction from any witness, appellant induced prosecutrix to drink a bottle of something which he called beer. She testified that soon after drinking this she became unconscious and knew nothing until the following morning when she recovered consciousness at the home of a Mr. Williams. Two witnesses who lived a few miles out from the town of Borger said on the afternoon of said alleged assault they were going after water up in a canyon and heard a woman moaning and screaming. They saw the top of a Red Ball taxicab down where the noise came from, but there were high weeds, and they could not see the person. They sent for Mr. Williams and Mr. Neeley, who were some distance away, but presently came. The witnesses above referred to testified that the woman kept up her moaning and screaming. Mr. Williams testified that when he came in sight of the Red Ball taxicab he heard a woman scream down near same. He drove his car up close, and appellant was on top of prosecutrix, who was lying on her back, and appellant was between her legs. Witness jumped out of his car and ordered appellant to throw up his hands. When appellant raised up, it was discovered that his pants were unbuttoned all around, that same were very wet, and that his privates erect and protruding. Mr. Williams said the woman was weak and unconscious; that he helped her up and into his car; and that she laid down on the back seat. He took her to his home and sent for a doctor. He said she was in a very peculiar condition and did not seem to know what she was doing. He said appellant was not drunk. Mr. Neeley substantially corroborated Mr. Williams in the above testimony, and said that immediately upon their arrival the appellant said, "That is what a man gets for being on a drunken spree," and also said, "This stuff is high-powered stuff." The prosecutrix testified that when she came to the next morning her arms and neck and back and private parts were sore; that she was of opinion that appellant had not penetrated her. We think these facts amply sufficient to show an assault with intent to rape, and that the verdict of the jury was justified. There was some question raised as to the admissibility of the testimony of Mr. Neeley as to what was said by appellant at the time they arrived upon the scene. We have no doubt of the admissibility of said testimony as part of the res gestæ.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. No questions are called to our attention as having been overlooked in the original consideration of the case, and all points which are again stressed in appellant's motion have been carefully re-exam-

ined. No doubt exists in our mind as to the correctness of the disposition of this appeal. To write further would necessitate repetition which would serve no useful purpose.

The motion for rehearing is overruled.