## Bill Winans v. The State.

No. 12802.  Delivered December 11, 1929.
Rehearing denied February 12, 1930.
Reported in 24 S. W. (2d) 421.

The opinion states the case.

*T. T. Crosson* of Ballinger, and *James P. Cogdell* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is assault with intent to rape; the punishment confinement in the penitentiary for two years.

Prosecutrix, Frankie Watson, was seventeen years of age at the time of the assault.  Relative to the assault she testified in substance as follows: As she was walking along the highway toward her father's home, appellant, Archie Reese and appellant's brother took her into their car with the promise to take her home.  Instead of taking her home, they passed her father's house and drove several miles into the country.  Driving into a field near the highway, appellant stopped the car, placed a cushion on the ground and requested prosecutrix to get out and have sexual intercourse with him; she

jumped out of the car and attempted to run away. Appellant caught her, threw her to the ground and endeavored to remove her "knickers." She succeeded in fighting him off. Aided by Reese, appellant again attacked her, making an unsuccessful effort to remove her trousers. She fought him until exhausted, pulled his hair and at the same time screamed. Appellant insisted that she have intercourse with him. She had lost her shoes and hat during the assault. Appellant and Reese finally let her up, telling her to put on her shoes. Instead of putting her shoes on, she ran to the highway. Appellant overtook and again threw her to the ground. She screamed and fought him to her utmost. Appellant finally desisted and left her lying in the road, where she was later picked up by a passing car driven by one Ray. She told Ray of the occurrence.

On cross-examination, prosecutrix admitted that she had several months prior to the assault run away from home with some other girls. She further admitted that she had approached appellant several days after the assault and made the proposition to leave the country if he would give her one hundred dollars. She testified that she wanted to leave because she did not want to go "through court."

Mr. Ray testified to having found prosecutrix lying in the road without hat or shoes. He said she told him she had been beaten by two boys.

Appellant did not testify. A physician, testifying for appellant, stated that he examined prosecutrix and found no bruises.

We deem the evidence sufficient. That prosecutrix was assaulted by appellant was not disputed. One who takes hold of the person of a female under the age of eighteen years with the present purpose of then and there having carnal knowledge of her, either with or without her consent, is guilty of an assault with intent to rape. Beezley v. State, 1 S. W. (2d) 903. The intent to commit rape at the immediate time is an imperative necessity. Huebsch v. State, 251 S. W. 1079. The handling of the female must be such as "under the circumstances of the particular case demonstrates a present intent to at once subject her to his will, she consenting or not, as that he may then at the very time have carnal intercourse with her." Cromeans v. State, 129 S. W. 1129. The specific intent must be proved, and not merely the intent to fondle and persuade the female to consent to intercourse on some future occasion. Stoker v. State, 245 S. W. 445. The evidence must establish the required intent to rape, and must go beyond the mere possibility of such intent.

Huebsch v. State, supra. Applying the principles referred to to the facts at hand, we are driven to the conclusion that the jury were warranted in finding a specific intent on the part of appellant to commit the offense of rape.

It was charged in the indictment that prosecutrix was under eighteen years of age. No attempt was made to charge rape by force. After defining assault and giving the statutory definition of rape upon a female under the age of eighteen years, the court instructed the jury as follows:

"Keeping in mind the above definitions of assault and of rape, if you believe from the evidence in this case beyond a reasonable doubt that the defendants, Bill Winans and Archie Reese, in Runnels County, Texas, on or about the 29th day of November, 1928, did make an assault upon the said Frankie Watson with the specific intent and purpose then and there to have carnal knowledge of and sexual intercourse with the said Frankie Watson, with or without her consent, and you further believe from the evidence beyond a reasonable doubt that the said Frankie Watson was then and there under the age of eighteen years, and was then and there not the wife of either of said defendants, you will find them guilty as charged in the indictment, and assess their punishment at confinement in the penitentiary for any term of years not less than two. If you do not so believe from the evidence beyond a reasonable doubt, you will acquit the defendants of the offense of assault with intent to rape."

Following the foregoing charge, an instruction on aggravated assault was embodied in the charge. It is insisted that the court should have instructed the jury that they must find that appellant intended to use such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case. The charge contended for was not applicable. As hereinbefore stated, one who takes hold of the person of a female under the age of eighteen years with the present purpose of then and there having carnal knowledge of her, either with or without her consent, is guilty of an assault with intent to rape. Beezley v. State, supra.

We have carefully considered each contention made by appellant, and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant strongly insists that the evidence is insufficient to show a specific intent on his part to have carnal intercourse with the alleged injured female, on the occasion in question. We have again carefully reviewed the facts, but without any change in our opinion. No attack was made upon the previous chaste character of the prosecutrix. No attempt was made to show that she had a bad reputation for truth and veracity. She testified unqualifiedly to repeated and continued assaults upon her by appellant, accompanied by his announced intention to have intercourse with her. She affirmed her repeated and continuous resistance. Such testimony seems ample to support the proposition necessary of establishment in a case like this, namely, that appellant had in his mind at the time the specific intent to then have carnal knowledge of the prosecutrix. She being under the age of consent, it was not necessary for him to have the intention of overcoming all resistance, if necessary, in order to effect the desired object.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*