Office of the Attorney General · State of Texas



August 31, 2000

The Honorable Bill G. Carter
Chair, Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0277

Re:  Whether a municipal court may allow criminal defense attorneys to post bail bonds without showing proof of their solvency under articles 17.11, 17.13 and 17.14 of the Code of Criminal Procedure, and related questions   (RQ-0219-JC)

Dear Representative Carter:

You ask several questions about the posting of bail bonds by attorneys in municipal court, and particularly ask whether a municipal court may permit an attorney to act as a surety on a bail bond for a client without providing evidence of the sufficiency of the security offered. We conclude that a municipal court must require from an attorney, who acts as a surety on a bail bond for a client, evidence of the sufficiency of the security offered, as provided by articles 17.11, 17.13 and 17.14 of the Code of Criminal Procedure. We also conclude that article 22.02 of the Code of Criminal Procedure requires a municipal court to enter a judgment nisi if the court determines that a defendant has failed to make a court appearance as required by a bail bond. What constitutes a "reasonable time" for a defendant to appear in court after his or her name is called before a judgment nisi must be entered under article 22.02 will depend upon the facts of the particular case.

As background to your questions, you explain that, to your knowledge, "it is currently the practice of a municipal court in at least one city to allow criminal defense attorneys to post bail bonds 'on their bar cards.'" Request Letter.[1] Attorneys are not required to show proof of their solvency or to submit a list of non-exempt property subject to execution. In addition, judgments nisi are not generated on bail bond forfeiture cases where the criminal defense attorneys are sureties. *See id.* You also state that the municipal court in question is located in a county with a bail bond board. *See id.* We answer your questions generally and not with respect to the practices of any specific court or with respect to any specific factual situation.

First you ask whether a municipal court may allow criminal defense attorneys to post bail bonds "on the strength of their bar card alone" without showing proof of their solvency under articles 17.11, 17.13 and 17.14 of the Code of Criminal Procedure. *See id.* at 1. We note that an attorney's

---

[1]Letter from Honorable Bill G. Carter, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General, at 1 (Apr. 3, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"].

"bar card" is a membership card that the State Bar issues to attorneys licensed to practice law in Texas who have paid the requisite membership fees. A bar card evidences an attorney's membership in the State Bar and nothing more. *See* TEX. STATE BAR R. art. III, § 4, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon 1998). For the reasons explained below, we conclude that a municipal court must require from an attorney who acts as a surety on a bail bond for a client evidence of the sufficiency of the security offered, as provided by articles 17.11, 17.13 and 17.14 of the Code of Criminal Procedure.

Chapter 17 of the Code of Criminal Procedure governs the taking of bail bonds. That chapter, as a general matter, gives a judge or magistrate discretion to release a defendant on a personal bond. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.03, .031, .032, .04 (Vernon Supp. 2000); *see also* Tex. Att'y Gen. Op. No. JC-0215 (2000) at 2 ("While the Code of Criminal Procedure does not define the term 'personal bond,' the term 'obviously means' a defendant's personal 'promise to pay a specified sum' plus necessary and reasonable expenses incurred in locating and arresting him or her, should the defendant 'fail to appear as required.'"). When a bail bond is taken, however, article 17.11 provides that "[e]very court, judge, magistrate or other officer taking a bail bond shall require evidence of the sufficiency of the security offered." TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977). Articles 17.11, 17.13 and 17.14 set forth the criteria for determining whether security is sufficient and means for testing the sufficiency of security. *See id.* arts. 17.11, § 1 (providing that one surety on a bail bond is sufficient "if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound"); 17.13 (permitting a court or officer taking a bail bond to obtain an affidavit to test sufficiency of security); 17.14 (authorizing court or officer taking a bail bond to require further evidence of sufficiency of security before approving bail bond).

The judge of a municipal court is a magistrate for purposes of the Code of Criminal Procedure, *see id.* art. 2.09 (Vernon Supp. 2000). Thus, the judge of a municipal court, as a magistrate, is authorized to take a bail bond under article 17.11. *See id.* art. 17.11, § 1 (Vernon 1977) ("[e]very court, judge, magistrate or other officer taking a bail bond"). Furthermore, the provisions of chapter 17 of the Code of Criminal Procedure apply to the taking of bail bonds in municipal court. *See id.* art. 17.38 (the rules of chapter 17 apply to "all such undertakings when entered into in the course of a criminal action, . . . in every case where authority is given to any court, judge, magistrate, or other officer, to require bail of a person accused of an offense, or of a witness in a criminal action"); *see also* Tex. Att'y Gen. Op. No. JM-461 (1986) (noting that chapter 17 of the Code of Criminal Procedure controls taking of bail bonds in municipal court). Thus, chapter 17 authorizes and applies to the taking of bail bonds by a municipal court.

You note that the municipal court at issue is located in a county with a bail bond board. *See* Request Letter, *supra* note 1, at 1. Chapter 1704 of the Occupations Code generally requires the licensing of bondsmen in a county with a bail bond board. *See* TEX. OCC. CODE ANN. § 1704.151 (Vernon 2000). The provisions of chapter 17 of the Code of Criminal Procedure governing the

sufficiency of security do not apply to licensed bondsmen when they post bond pursuant to chapter 1704. *See Font v. Carr*, 867 S.W.2d 873, 882 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.) ("When a bondsman has met [the licensing] requirements [of former article 2372p-3 of the Revised Civil Statutes, the statutory predecessor to chapter 1704 of the Occupations Code], a sheriff may not question his solvency or refuse his bonds" under article 17.14 of the Code of Criminal Procedure); Tex. Att'y Gen. Op. Nos. DM-483 (1998) at 5; JM-1057 (1989) at 1-2 (sheriff may not refuse to accept bond of licensed bondsman). Chapter 1704 is not relevant to your query, however, because the licensing requirements of chapter 1704 do not apply to an attorney licensed to practice law in this state who acts as a surety for a person he or she represents in a criminal case. *See* TEX. OCC. CODE ANN. § 1704.163(a) (Vernon 2000). An attorney who acts as a surety on a bail bond pursuant to this exemption, or any person who acts as a surety on a bail bond in a jurisdiction not subject to chapter 1704 of the Occupations Code, is subject to the security requirements set forth in articles 17.11, 17.13, and 17.14 of the Code of Criminal Procedure. *See* Tex. Att'y Gen. Op. No. DM-483 (1998) at 6 ("sufficiency of the security offered by an attorney exempt from licensure under *former article 2372p-3 [now chapter 1704 of the Texas Occupations Code] is governed by articles 17.11, 17.13, and 17.14 [of the Code of Criminal Procedure]*"); *see also Font*, 867 S.W.2d at 882 (noting that article 17.14 of the Code of Criminal Procedure applies in counties where former article 2372p-3, now chapter 1704 of the Occupations Code, does not apply).

In sum, a municipal court taking a bail bond from an attorney who acts as a surety for a client does so under the authority of article 17.11, and chapter 17 governs the sufficiency of the security offered. Article 17.11 mandates a court, judge, or magistrate taking a bail bond to require evidence of the sufficiency of the security offered. *See* TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977) ("[e]very court, judge, magistrate or other officer taking a bail bond *shall* require evidence of the sufficiency of the security offered") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998) (the term "'shall' imposes a duty" "unless the context in which the word . . . appears necessarily requires a different construction or unless a different construction is *expressly provided by statute*"). *Furthermore, the security requirements of chapter 17 make no exception for attorneys when they act as bondsmen and clearly apply to them when they act as sureties for clients. See* Tex. Att'y Gen. Op. No. DM-483 (1998) at 6. Therefore, in answer to your question, a municipal court must require from an attorney who acts as a surety on a bail bond for a client evidence of the sufficiency of the security offered, as provided by articles 17.11, 17.13 and 17.14.

In a related question you ask, "Who is responsible for ascertaining the solvency of a surety and rejecting a surety bond in a municipal court case based on insufficient proof of the surety's solvency?" Request Letter, *supra* note 1, at 2. We assume you ask about a situation in which a municipal court judge takes a bail bond. Again, article 17.11 vests the responsibility of requiring evidence of the sufficiency of security offered for a bail bond with the "court, judge, magistrate or other officer taking [the] bail bond." TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977). Accordingly, the duty to ascertain the sufficiency of security offered by a surety in the situation you describe lies with the judge of the municipal court taking the bail bond.

You ask two questions about entry of judgments nisi in municipal court cases where an attorney has acted as surety on a bail bond for a client. In this regard we note that section 29.003 of the Government Code expressly vests municipal courts with jurisdiction "in the forfeiture and final judgment of all bail bonds and personal bonds taken in criminal cases of which the court has jurisdiction." TEX. GOV'T CODE ANN. § 29.003(e) (Vernon Supp. 2000).

Chapter 22 of the Code of Criminal Procedure governs forfeiture of bail. When a defendant bound by a bail bond to appear fails to appear in court "a judicial declaration of such forfeiture shall be taken in the manner provided in Article 22.02 of this Code and entered by such court." TEX. CODE CRIM. PROC. ANN. art. 22.01 (Vernon 1989). Article 22.02 provides that a bail bond is forfeited if, after the defendant's name is called, "the defendant does not appear within a reasonable time after such call is made." *Id.* art. 22.02. If the defendant fails to appear, "judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound." *Id.* This judgment must also "state that the same will be made final, unless good cause be shown why the defendant did not appear." *Id.* This judicial declaration of forfeiture is often referred to as a "judgment nisi." *See State v. Sellers*, 790 S.W.2d 316, 320 (Tex. Crim. App. 1990); *see also id.* at 321 ("In effect a judgment nisi serves as documentary evidence of a fact the State must prove to obtain a favorable judgment in a bond forfeiture case, *viz*: that the principal did in fact fail to appear in accordance with his bond. Although a judicial declaration of forfeiture, a judgment nisi alone authorizes no recovery by the State.").

Once the trial court enters a judgment nisi, "a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final." TEX. CODE CRIM. PROC. ANN. art. 22.03 (Vernon 1989). The court may proceed with a trial at which the defendant has the opportunity to show sufficient cause for his or her failure to appear. *See id.* arts. 22.125, .14 (Vernon 1989 & Supp. 2000); *see also id.* art. 22.13 (Vernon 1989) (setting forth causes that will exonerate defendant and his sureties from liability upon a forfeiture). A provision recently added to chapter 22 states that the court "may exonerate the defendant and his sureties, if any, from liability on the forfeiture, remit the amount of the forfeiture, or set aside the forfeiture only as expressly provided by this chapter." *Id.* art. 22.125 (Vernon Supp. 2000). It also states that a court "may approve any proposed settlement of the liability on the forfeiture that is agreed to by the state and by the defendant or the defendant's sureties, if any." *Id.*

With respect to these judicial declarations of forfeiture, or judgments nisi, you ask if a municipal judge may "waive the entry of a judgment nisi in a case where a criminal defense attorney is the surety on a bail bond and the defendant principal fails to appear" or, alternatively, if "the judge [is] required to enter a judgment nisi in accordance with article 22.02 of the Texas Code of Criminal Procedure." Request Letter, *supra* note 1, at 1. We believe that, once a judge has found that a defendant has failed to appear as required by a bail bond, chapter 22 does not give the judge the discretion to refrain from entering a judgment nisi. Article 22.01 provides that when a defendant "bound by bail to appear" fails to do so, "a judicial declaration of [] forfeiture *shall* be taken." TEX.

CODE CRIM. PROC. ANN. art. 22.01 (Vernon 1989) (emphasis added). In addition, section 22.02 provides that if a defendant does not appear within a reasonable time after his or her name is called, "judgment *shall* be entered." *Id.* art. 22.02 (emphasis added). These statutes use the word "shall," indicating a mandatory duty to act; the context in which the word appears does not require a different construction. *See* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998) (the term "'shall' imposes a duty" "unless the context in which the word . . . appears necessarily requires a different construction or unless a different construction is expressly provided by statute"); *see also State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (An act is ministerial "when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment."); *State ex rel. Vance v. Routt,* 571 S.W.2d 903, 908 (Tex. Crim. App. 1978) (holding that article 22.02 of the Code of Criminal Procedure "mandates the entry of judgment in the full amount of the bond except where exoneration is proper under Art. 22.13 [] or remittitur is discretionary under Art. 22.16 []. On the basis of the facts and the applicable law, the entry of judgment in this case was strictly ministerial in nature."). Accordingly, we conclude that once a municipal court determines that a defendant has failed to appear as required by a bail bond, the court is required to enter a judgment nisi.

You also ask what constitutes a "reasonable time" under article 22.02. Again, under that provision a judicial declaration of forfeiture shall be entered if, after his or her name is called, "the defendant does not appear within a *reasonable time.*" TEX. CODE CRIM. PROC. ANN. art. 22.02 (Vernon 1989) (emphasis added). We believe that these words vest courts with some discretion to determine whether or not a defendant has appeared as required by a bail bond, and that whether an amount of time is reasonable in any given case will depend upon the circumstances. *See, e.g., State v. Meador,* 780 S.W.2d 836, 837 (Tex. App.–Houston [14th Dist.] 1989) (given that defendant appeared three to five minutes late, but had timely made all previous court appearances in the cause and in prior criminal cases, had made all court appearances in an unrelated case and returned on time to begin serving his sentence, and had never forfeited a bond in a prior proceeding, appellate court concluded that the defendant's appearance, albeit late, was nonetheless within a reasonable time as provided by the article 22.02, and concluded that the defendant's tardiness did not entitle trial court to revoke the bond). Because what is a "reasonable time" will depend upon the facts of the individual case, a precise definition of "reasonable time" is beyond the purview of an attorney general opinion.[2]

---

[2]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

## S U M M A R Y

A municipal court must require from an attorney who acts as a surety on a bail bond for a client evidence of the sufficiency of the security offered, as provided by articles 17.11, 17.13 and 17.14 of the Code of Criminal Procedure. If a municipal court determines that a defendant has failed to make an appearance as required by a bail bond, article 22.02 of the Code of Criminal Procedure requires the court to enter a judgment nisi. What constitutes a "reasonable time" in which a defendant must appear in court before a judgment nisi must be entered under article 22.02 will depend upon the facts of the particular case.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee