**The STATE of Texas, Appellant,**

v.

**Martin MALDONADO, Jr., Principal, and Richard E. Langlois, Surety.**

No. 04–96–00377–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1996.

---

Susan A. Bowen, Assistant Criminal District Attorney, San Antonio, for Appellant.

Richard E. Langlois, Law Offices of Richard E. Langlois, San Antonio, for Appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## ON APPELLANT'S MOTION TO RECONSIDER RULING ON APPELLEE'S MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION

DUNCAN, Justice.

The State appeals from an order of remittitur, which modifies the judgment in a bond forfeiture proceeding. In an unpublished opinion issued September 11, 1996, we dismissed the State's appeal for want of jurisdiction. The State has now filed a motion for reconsideration. We grant the State's motion, withdraw our earlier opinion, and substitute this opinion in its place. However, we adhere to our earlier ruling and dismiss the State's appeal for want of jurisdiction. Our September 11, 1996 judgment remains unchanged.

### FACTS

After Martin Maldonado, Jr. was indicted for felony possession of cocaine in Cause Number 90–CR–4313, his attorney, Richard E. Langlois, posted a bail bond in the amount of $10,000 and secured Maldonado's release from custody. Maldonado, however, failed to appear for trial on May 13, and the trial court, on May 28, 1991, signed a judgment nisi forfeiting the bond "unless good cause be shown why the Defendant did not appear." The subsequent bond forfeiture proceeding was docketed on the scire facias docket as Cause Number 91–SF–00137. Langlois filed a general denial and further alleged that the State's suit was untimely.

On October 15, 1993, the trial court signed a judgment forfeiting the bond; later, Langlois' motion for new trial was overruled by operation of law, and he satisfied the judgment on January 28, 1994. Thereafter, however, Langlois filed a special bill of review seeking a remittitur pursuant to article 22.17(a) of the Texas Code of Criminal Procedure.[1] On March 27, 1996, the trial court signed an order requiring the State to remit $6000 to Langlois. The State appealed.

After the transcript was filed, Langlois moved this court to dismiss the State's appeal for want of jurisdiction. We did so in an earlier unpublished opinion, holding that the State is not authorized to appeal the final judgment in a bond forfeiture proceeding under *State v. Sellers,* 790 S.W.2d 316, 321–22 (Tex.Crim.App.1990). The State has now filed a motion for reconsideration arguing that we "misread" *Sellers,* and its appeal is authorized by both *Sellers* and article 44.01(a)(2) of the Texas Code of Criminal Procedure.

---

1. Article 22.17(a) provides:

    (a) Not later than two years after the date a final judgment is entered in a bond forfeiture proceeding, the surety on the bond may file with the court a special bill of review. A special bill of review may include a request, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety, after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount from the date of forfeiture. The court in its discretion may grant or deny the bill in whole or in part.

    TEX.CODE CRIM.PROC. art. 22.17(a) (Vernon 1989).

### DISCUSSION

■ Article 44.01(a)(2) provides that "[t]he state is entitled to appeal an order of a court in a criminal case if the order ... modifies a judgment." TEX.CODE CRIM.PROC. art. 44.01(a)(2) (Vernon Supp.1996). Bond forfeiture proceedings are considered criminal cases. *Sellers*, 790 S.W.2d at 319. However, in *Sellers*, the Texas Court of Criminal Appeals expressly held that a final judgment in a bond forfeiture proceeding "cannot be considered an 'order' that 'modifies' an earlier 'judgment' " because the judgment nisi is not a final, enforceable judgment. *Id.* at 321. Accordingly, although recognizing that the Legislature was empowered to provide the State with a right to appeal in bond forfeiture proceedings, *id.* at 319, the court held that neither article 44.01(a)(2) nor article 44.42 (which authorizes a defendant to appeal a bond forfeiture judgment) "authorizes the State's appeal" of final judgments in bond forfeiture proceedings. *Id.* Therefore, *Sellers* does not support the State's position in this case, as the State argues.

■ We recognize that the State does not appeal a final judgment in a bond forfeiture proceeding but an "order" of remittitur, which "modifies" the "judgment" in the bond forfeiture proceeding. Facially, therefore, the State's appeal is within the express terms of article 44.01(a)(2). However, the State has not made this argument in this case. Moreover, it would be ironic, at best, if the State could appeal an order of remittitur entered in a bill of review proceeding when, under *Sellers*, it plainly could not appeal the same order if it were entered in a bond forfeiture proceeding within the period of the trial court's plenary power. *See Sellers*, 790 S.W.2d at 321; *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App.1993) (trial court has plenary power to reform judgment in bond forfeiture proceeding for 30 days after judgment in these circumstances). While the Texas Court of Criminal Appeals may ultimately hold that article 44.01(a)(2) authorizes the State to appeal an order entered pursuant to article 22.17, we believe ourselves bound by the holding and implications of *Sellers*. Accordingly, the State's appeal is dismissed for want of jurisdiction.