NO. 07-99-0388-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 5, 2001



______________________________




DAVID WAYNE McCULLOUGH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12,163-C; HONORABLE ED NOBLES, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Upon a plea of not guilty, appellant David Wayne McCullough was convicted by a
jury of assault on a public servant and pursuant to an agreement, punishment was
assessed by the court at 25 years confinement. In presenting this appeal, counsel has
filed an Anders (1) brief in support of a motion to withdraw. Based upon the rationale
expressed herein, the motion to withdraw is granted and the judgment is affirmed.

 In support of her motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), she has diligently reviewed the
record and, in her opinion, the record reflects no reversible error or grounds upon which
an appeal can be predicated. Thus, she concludes the appeal is frivolous and without
merit. Counsel has candidly discussed why, under the controlling authorities, there is no
error in the court's judgment. Counsel has also shown that she sent a copy of the brief to
appellant, and informed appellant that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that she notified appellant of his right to review the
record and file a pro se brief if he desired to do so. By letter the State indicated it only
desired to file a brief if appellant filed a pro se brief. Appellant did not file a pro se brief. 

 A review of the record establishes that on the evening of December 22, 1996,
appellant was involved in an automobile accident. Officer Brent Bryant was dispatched
to the scene to assist with the investigation. Upon arriving, he noticed that appellant was
very agitated and that there were indications he was intoxicated. Officer Douglas Harlan
was also called to the scene because he was certified in the horizontal gaze nystagmus
sobriety test. Appellant, who was sitting on a curb, ran away as Bryant approached him. 
Bryant pursued him for approximately one block and apprehended him. The testimony of
several witnesses established that appellant resisted, struggled, was uncooperative, and
shouted vulgarities at the officers. Several officers managed to subdue appellant and
place him in handcuffs. Leg restraints were also placed on appellant to enable the officers
to place him in the back of the patrol car. According to Harlan's testimony, appellant
appeared violent and made threats such as "you're dead," "your mother is dead," and
"when I get out, I am going to kill you." Officer Bryant and appellant drove to the county
jail and Officer Harlan followed in his patrol car. While in the elevator at the jail facilities,
appellant kicked Harlan and together with Bryant they fell to the ground. He then kicked
Bryant in the nose causing it to bleed. County deputies responded to assist the officers.

 After appellant was placed in a cell and the officers began their paperwork, they
heard loud banging. They discovered that appellant was banging his head against the cell
wall and a county deputy used pepper spray on appellant to calm him down. Appellant
had blood in one of his ears and it was determined that he should be taken to the hospital
for medical clearance. He was transported to a nearby hospital in a larger vehicle than a
patrol car because of the difficulty the officers had encountered in placing him in a patrol
car the first time. At the hospital appellant's behavior prevented the staff from treating him. 
He refused to be treated and spit on the nurse and shouted profanities. A doctor
suggested he be taken to another hospital. Upon arriving at a second hospital, appellant
was still agitated, spitting, and uncooperative. He was restrained on a board and sedated
for a CAT scan. Other than a small laceration on his ear, the doctor testified that he did
not observe any other cuts or bruises on appellant, and his CAT scan was normal. He did
observe that appellant was suffering from acute alcohol intoxication. Appellant was
released and taken back to the county jail. 

 Bryant and Harlan offered conflicting testimony regarding whether appellant was
still bound by leg restraints when he kicked them in the elevator. The officers testified that
the incident in the elevator was chaotic and they could not be sure whether the leg
restraints were in place or had become loose. The restraints were described as Velcro
restraints which could have come loose while appellant was struggling with the officers. 
The evidence also established that appellant never claimed that the officers had kicked
or beaten him.

 After a jury found appellant guilty of assault on a public servant, he agreed to have
the court assess punishment pursuant to a plea agreement. The State gave him notice of
its intent to introduce two prior convictions during punishment. However, trial counsel
objected to the introduction of one pen packet as not being self-authenticating because
it had been unstapled and restapled. After brief argument, the court overruled counsel's
objection and held that there was no evidence to indicate the pen packet was not
authentic. Thereafter, appellant plead true to the enhancement paragraphs and the trial
court assessed punishment at 25 years confinement in accordance with the agreement.

 Counsel presents three arguable points of error on appeal and then candidly
concludes why no reversible error is presented. First, sufficiency of the evidence is
challenged. However, counsel concedes that the evidence presented established the
elements of the crime. The State established that Officers Bryant and Harlan were
uniformed public servants lawfully discharging their official duties and that appellant
intentionally or knowingly made threats, caused bodily injury, or caused offensive physical
contact. Tex. Pen. Code Ann. § 22.01 (a) and (b) (Vernon Supp. 2001). Despite
conflicting testimony from the officers regarding whether appellant was in leg restraints
when he kicked them, it was within the exclusive province of the jury as the sole trier of fact
to reconcile the conflict. Tex. Code Crim. Proc. Ann. art 38.04 (Vernon 1979); see also 
Losada v. State, 721 S.W.2d 305, 309 (Tex.Cr.App. 1986).

 By counsel's second point, she questions the authenticity of the pen packet
containing different staple holes. However, as counsel points out, any complaint regarding
the staple holes would go to the weight of the evidence and not its admissibility. Robinson
v. State, 739 S.W.2d 795, 802 (Tex.Cr.App. 1987). Furthermore, appellant's plea of true
to the enhancement paragraphs waives a challenge to the authenticity of the pen packet
and relieves the State of its burden to prove the enhancement allegations. Harrison v.
State, 950 S.W.2d 419, 420 (Tex.App.-Houston [1st Dist.] 1997, pet ref'd); see also
Harvey v. State, 611 S.W.2d 108, 111 (Tex.Cr.App. 1981) (holding that an accused who
enters a plea of true to enhancement allegations cannot complain that the evidence is
insufficient to support the same on appeal).

 By her final arguable point, counsel raises ineffective assistance of counsel and
concedes that trial counsel's performance was within the reasonably professional norm
required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Trial
counsel conducted a legally sound voir dire and no objectionable jurors served on the jury. 
He also effectively cross-examined witnesses and brought out inconsistencies in their
testimonies. Numerous objections were made and sustained. Trial counsel negotiated a
plea agreement for the minimum punishment possible for appellant's conviction with
enhancements. Based on the totality of trial counsel's representation, we agree with
appellate counsel that appellant received effective assistance of counsel. See Garcia v.
State, 887 S.W.23d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct.
1368, 131 L.Ed.2d 223 (1995). 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



font-size: 12pt">          The State filed Notices of Appeal on each of these Judgments. In addition, the
State requested findings of fact and conclusions of law, but no findings and conclusions
are contained within the record. 
          On February 24, 2009, Green filed a Motion to Dismiss the State’s Appeal for Want
of Jurisdiction. In the motion, Green contends that, due to the holding in State v. Sellers,
790 S.W.2d 316 (Tex.Crim.App. 1990), the State is not permitted to appeal in bond
forfeiture cases. In Sellers, the Court reviewed the history of articles 44.42


 and 44.01


 of
the Texas Code of Criminal Procedure. After analyzing these articles and applying them
to the facts of the case, the Court held that “neither Article 44.42 nor Article 44.01(a)(2) . . .
authorizes the State’s appeal in these causes.” Id. at 321. However, in its analysis of
article 44.01(a)(2), the Court was addressing the State’s argument that the trial court’s final
judgment was a modification of the trial court’s previous judgment nisi. The Court
explained that a judgment nisi is not enforceable by the State and, therefore, a “final
judgment following trial upon a judgment nisi cannot be considered an ‘order’ that ‘modifies’
an earlier ‘judgment’” as those terms are used in article 44.01(a)(2). Id. 
          By contrast, the present case does not involve the State’s attempt to appeal a
purported modification of a judgment nisi by way of a final judgment. Rather, the State is
actually appealing a reformation of a final judgment in a bond forfeiture case under article
22.17. See Tex. Code Crim. Proc. Ann. art. 22.17. The majority of the cases that have
addressed appeals of rulings on article 22.17 special bills of review have addressed the
defendant’s appeal and, thus, are inapplicable to the issue of our jurisdiction over the
State’s appeal. 
          In the only case addressing the issue of the State’s right to appeal a remittitur
ordered under article 22.17, see State v. Maldonado, 936 S.W.2d 14 (Tex.App.–San
Antonio 1996, no writ), the Court, believing itself bound by the “holding and implications”
of Sellers, concluded that article 44.01(a)(2) does not authorize the State to appeal a trial
court’s order entered pursuant to article 22.17. Id. at 16. While the Court acknowledged
that the facts of the case were distinguishable from those presented in Sellers,


 it indicated
that the State “has not made this argument in this case.” Id. Of course, whether a court
has jurisdiction over an appeal is a question of law and the proponent of the court’s
assertion of jurisdiction is not obligated to argue for the existence of the court’s jurisdiction. 
The Court additionally states that, “. . . it would be ironic, at best, if the State could appeal
an order of remittitur entered in a bill of review proceeding when, under Sellers, it plainly
could not appeal the same order if it were entered in a bond forfeiture proceeding within
the period of the trial court’s plenary power.” However, the basis for the Sellers holding
that the State cannot appeal an order entered within the period of the trial court’s plenary
power is that the order entered during the trial court’s plenary power is not a final order that
would bring it within the purview of article 44.01(a)(2). See Sellers, 790 S.W.2d at 320-21. 
In the present case as well as in Maldonado, the State is appealing a final judgment that
was “reformed” in accordance with the procedure identified in article 22.17 and, thus, ironic
or not, it falls within the express terms of article 44.01(a)(2), as acknowledged by the
Maldonado Court. Maldonado, 936 S.W.2d at 16. The Maldonado Court’s discomfort in
their reliance on Sellers is illustrated by the closing statement in the opinion, “While the
Texas Court of Criminal Appeals may ultimately hold that article 44.01(a)(2) authorizes the
State to appeal an order entered pursuant to article 22.17, we believe ourselves bound by
the holding and implications of Sellers. Accordingly, the State’s appeal is dismissed for
want of jurisdiction.”
          While we question the analysis of the Maldonado Court, we do not question its
holding. Sellers instructs us that article 44.42 does not authorize the State to appeal a final
judgment in a bond forfeiture proceeding. See Sellers, 790 S.W.2d at 319. However,
Sellers further provides that article 44.42 does not prohibit the State’s appeal in a bond
forfeiture case if otherwise authorized by the legislature. See id. We are aware of no
legislative authorization contained within the Code of Criminal Procedure or elsewhere that
would authorize the State to take a direct appeal from a final judgment in a bond forfeiture
proceeding. Thus, were we presented with the State’s direct appeal from a final judgment
in a bond forfeiture proceeding, we would have no pause in dismissing the appeal for want
of jurisdiction. 
          But, the present case is not a direct appeal from a final judgment in a bond forfeiture
proceeding. Rather, it is an appeal of a reformation of a final judgment. While we
acknowledge the State’s argument that article 44.01(a)(2) appears to authorize the State
to appeal an order that “arrests or modifies a judgment,” including a judgment in a bond
forfeiture proceeding, we find that it would be logically inconsistent for that article to
authorize the appeal of a modification of a final judgment, while at the same time not
authorizing the appeal of the original judgment. 
          Because we must construe statutory provisions in a manner that avoids illogical or
absurd results, see Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991), we hold
that article 44.01(a)(2) does not authorize the State to appeal a reformation of a final
judgment in a bond forfeiture proceeding. 
          For the foregoing reasons, we dismiss the State’s appeal for want of jurisdiction.
 
                                                                           Mackey K. Hancock

                                                                                      Justice