NO. 07-08-0259-CV; 07-08-0260-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009
______________________________

THE STATE OF TEXAS, APPELLANT

V.

JAMES GREEN D/B/A ALLSTATE BAIL BONDS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW #1 OF POTTER COUNTY;

NO. 9098-1, 9099-1; HONORABLE W. F. “CORKY” ROBERTS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
OPINION ON MOTION TO DISMISS
          Appellant, the State of Texas, appeals from two judgments that each remitted $720,
minus accrued interest, from a previous bond forfeiture in favor of appellee, James Green
d/b/a Allstate Bail Bonds. Green has filed a motion to dismiss the State’s appeal for want
of jurisdiction. We grant the motion and dismiss the appeal for want of jurisdiction. 
          Green is the surety for two $1500 bonds on Daiton Earl Nivens. On March 31,
2006, the cases against Nivens were called for trial, but Nivens failed to appear. As a
result, on April 7, 2006, the trial court entered Judgment Nisi as to the bonds and ordered
both forfeited to the State. Green filed motions to quash the bonds. However, prior to any
hearing on the motions, the trial court entered an Agreed Final Judgment that ordered
forfeiture of $900 of the bond in each case and assessed costs of court associated with
the cases against Green. This agreed final judgment was signed by Green. 
          On December 19, 2007, Green filed an affidavit of incarceration notifying the Sheriff
of Potter County that Nivens was incarcerated in the Randall County Detention Center. On
the same date, Green filed a Special Bill of Review, under the authority of Texas Code of
Criminal Procedure article 22.17,


 requesting that the Final Judgments entered in these
cases be reformed and that all or part of the forfeited bonds be remitted to Green. After
hearing Green’s bill of review, the trial court entered Judgment remitting $720 on each
case to Green, minus accrued interest.
          The State filed Notices of Appeal on each of these Judgments. In addition, the
State requested findings of fact and conclusions of law, but no findings and conclusions
are contained within the record. 
          On February 24, 2009, Green filed a Motion to Dismiss the State’s Appeal for Want
of Jurisdiction. In the motion, Green contends that, due to the holding in State v. Sellers,
790 S.W.2d 316 (Tex.Crim.App. 1990), the State is not permitted to appeal in bond
forfeiture cases. In Sellers, the Court reviewed the history of articles 44.42


 and 44.01


 of
the Texas Code of Criminal Procedure. After analyzing these articles and applying them
to the facts of the case, the Court held that “neither Article 44.42 nor Article 44.01(a)(2) . . .
authorizes the State’s appeal in these causes.” Id. at 321. However, in its analysis of
article 44.01(a)(2), the Court was addressing the State’s argument that the trial court’s final
judgment was a modification of the trial court’s previous judgment nisi. The Court
explained that a judgment nisi is not enforceable by the State and, therefore, a “final
judgment following trial upon a judgment nisi cannot be considered an ‘order’ that ‘modifies’
an earlier ‘judgment’” as those terms are used in article 44.01(a)(2). Id. 
          By contrast, the present case does not involve the State’s attempt to appeal a
purported modification of a judgment nisi by way of a final judgment. Rather, the State is
actually appealing a reformation of a final judgment in a bond forfeiture case under article
22.17. See Tex. Code Crim. Proc. Ann. art. 22.17. The majority of the cases that have
addressed appeals of rulings on article 22.17 special bills of review have addressed the
defendant’s appeal and, thus, are inapplicable to the issue of our jurisdiction over the
State’s appeal. 
          In the only case addressing the issue of the State’s right to appeal a remittitur
ordered under article 22.17, see State v. Maldonado, 936 S.W.2d 14 (Tex.App.–San
Antonio 1996, no writ), the Court, believing itself bound by the “holding and implications”
of Sellers, concluded that article 44.01(a)(2) does not authorize the State to appeal a trial
court’s order entered pursuant to article 22.17. Id. at 16. While the Court acknowledged
that the facts of the case were distinguishable from those presented in Sellers,


 it indicated
that the State “has not made this argument in this case.” Id. Of course, whether a court
has jurisdiction over an appeal is a question of law and the proponent of the court’s
assertion of jurisdiction is not obligated to argue for the existence of the court’s jurisdiction. 
The Court additionally states that, “. . . it would be ironic, at best, if the State could appeal
an order of remittitur entered in a bill of review proceeding when, under Sellers, it plainly
could not appeal the same order if it were entered in a bond forfeiture proceeding within
the period of the trial court’s plenary power.” However, the basis for the Sellers holding
that the State cannot appeal an order entered within the period of the trial court’s plenary
power is that the order entered during the trial court’s plenary power is not a final order that
would bring it within the purview of article 44.01(a)(2). See Sellers, 790 S.W.2d at 320-21. 
In the present case as well as in Maldonado, the State is appealing a final judgment that
was “reformed” in accordance with the procedure identified in article 22.17 and, thus, ironic
or not, it falls within the express terms of article 44.01(a)(2), as acknowledged by the
Maldonado Court. Maldonado, 936 S.W.2d at 16. The Maldonado Court’s discomfort in
their reliance on Sellers is illustrated by the closing statement in the opinion, “While the
Texas Court of Criminal Appeals may ultimately hold that article 44.01(a)(2) authorizes the
State to appeal an order entered pursuant to article 22.17, we believe ourselves bound by
the holding and implications of Sellers. Accordingly, the State’s appeal is dismissed for
want of jurisdiction.”
          While we question the analysis of the Maldonado Court, we do not question its
holding. Sellers instructs us that article 44.42 does not authorize the State to appeal a final
judgment in a bond forfeiture proceeding. See Sellers, 790 S.W.2d at 319. However,
Sellers further provides that article 44.42 does not prohibit the State’s appeal in a bond
forfeiture case if otherwise authorized by the legislature. See id. We are aware of no
legislative authorization contained within the Code of Criminal Procedure or elsewhere that
would authorize the State to take a direct appeal from a final judgment in a bond forfeiture
proceeding. Thus, were we presented with the State’s direct appeal from a final judgment
in a bond forfeiture proceeding, we would have no pause in dismissing the appeal for want
of jurisdiction. 
          But, the present case is not a direct appeal from a final judgment in a bond forfeiture
proceeding. Rather, it is an appeal of a reformation of a final judgment. While we
acknowledge the State’s argument that article 44.01(a)(2) appears to authorize the State
to appeal an order that “arrests or modifies a judgment,” including a judgment in a bond
forfeiture proceeding, we find that it would be logically inconsistent for that article to
authorize the appeal of a modification of a final judgment, while at the same time not
authorizing the appeal of the original judgment. 
          Because we must construe statutory provisions in a manner that avoids illogical or
absurd results, see Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991), we hold
that article 44.01(a)(2) does not authorize the State to appeal a reformation of a final
judgment in a bond forfeiture proceeding. 
          For the foregoing reasons, we dismiss the State’s appeal for want of jurisdiction.
 
                                                                           Mackey K. Hancock

                                                                                      Justice