NO. 07-08-0259-CV; 07-08-0260-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009
_____

THE STATE OF TEXAS, APPELLANT

V.

JAMES GREEN D/B/A ALLSTATE BAIL BONDS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW #1 OF POTTER COUNTY;

NO. 9098-1, 9099-1; HONORABLE W. F. "CORKY" ROBERTS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION ON MOTION TO DISMISS**

Appellant, the State of Texas, appeals from two judgments that each remitted $720, minus accrued interest, from a previous bond forfeiture in favor of appellee, James Green d/b/a Allstate Bail Bonds. Green has filed a motion to dismiss the State's appeal for want of jurisdiction. We grant the motion and dismiss the appeal for want of jurisdiction.

Green is the surety for two $1500 bonds on Daiton Earl Nivens. On March 31, 2006, the cases against Nivens were called for trial, but Nivens failed to appear. As a result, on April 7, 2006, the trial court entered Judgment Nisi as to the bonds and ordered

both forfeited to the State. Green filed motions to quash the bonds. However, prior to any hearing on the motions, the trial court entered an Agreed Final Judgment that ordered forfeiture of $900 of the bond in each case and assessed costs of court associated with the cases against Green. This agreed final judgment was signed by Green.

On December 19, 2007, Green filed an affidavit of incarceration notifying the Sheriff of Potter County that Nivens was incarcerated in the Randall County Detention Center. On the same date, Green filed a Special Bill of Review, under the authority of Texas Code of Criminal Procedure article 22.17,[1] requesting that the Final Judgments entered in these cases be reformed and that all or part of the forfeited bonds be remitted to Green. After hearing Green's bill of review, the trial court entered Judgment remitting $720 on each case to Green, minus accrued interest.

The State filed Notices of Appeal on each of these Judgments. In addition, the State requested findings of fact and conclusions of law, but no findings and conclusions are contained within the record.

On February 24, 2009, Green filed a Motion to Dismiss the State's Appeal for Want of Jurisdiction. In the motion, Green contends that, due to the holding in State v. Sellers, 790 S.W.2d 316 (Tex.Crim.App. 1990), the State is not permitted to appeal in bond

---

[1] Article 22.17 specifically applies to bond forfeiture cases and authorizes a surety on the bond to request, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety. The trial court may grant or deny the bill, in whole or in part, at its discretion. See TEX. CODE CRIM. PROC. ANN. art. 22.17(a) (Vernon 2009).

forfeiture cases. In <u>Sellers</u>, the Court reviewed the history of articles 44.42[2] and 44.01[3] of the Texas Code of Criminal Procedure. After analyzing these articles and applying them to the facts of the case, the Court held that "neither Article 44.42 nor Article 44.01(a)(2) . . . authorizes the State's appeal in these causes." <u>Id</u>. at 321. However, in its analysis of article 44.01(a)(2), the Court was addressing the State's argument that the trial court's final judgment was a modification of the trial court's previous judgment nisi. The Court explained that a judgment nisi is not enforceable by the State and, therefore, a "final judgment following trial upon a judgment nisi cannot be considered an 'order' that 'modifies' an earlier 'judgment'" as those terms are used in article 44.01(a)(2). <u>Id</u>.

By contrast, the present case does not involve the State's attempt to appeal a purported modification of a judgment nisi by way of a final judgment. Rather, the State is actually appealing a reformation of a final judgment in a bond forfeiture case under article 22.17. <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 22.17. The majority of the cases that have addressed appeals of rulings on article 22.17 special bills of review have addressed the defendant's appeal and, thus, are inapplicable to the issue of our jurisdiction over the State's appeal.

---

[2] Article 44.42 provides that a defendant may appeal from a final judgment rendered upon a bond provided that the judgment is for more than $20, exclusive of costs. <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 44.42 (Vernon 2006).

[3] Article 44.01 authorizes the State to appeal certain orders. Of relevance in the present matter, article 44.01(a)(2) allows the State to appeal an order that "arrests or modifies a judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (Vernon Supp. 2008).

3

In the only case addressing the issue of the State's right to appeal a remittitur ordered under article 22.17, see State v. Maldonado, 936 S.W.2d 14 (Tex.App.–San Antonio 1996, no writ), the Court, believing itself bound by the "holding and implications" of Sellers, concluded that article 44.01(a)(2) does not authorize the State to appeal a trial court's order entered pursuant to article 22.17. Id. at 16. While the Court acknowledged that the facts of the case were distinguishable from those presented in Sellers,[4] it indicated that the State "has not made this argument in this case." Id. Of course, whether a court has jurisdiction over an appeal is a question of law and the proponent of the court's assertion of jurisdiction is not obligated to argue for the existence of the court's jurisdiction. The Court additionally states that, ". . . it would be ironic, at best, if the State could appeal an order of remittitur entered in a bill of review proceeding when, under Sellers, it plainly could not appeal the same order if it were entered in a bond forfeiture proceeding within the period of the trial court's plenary power." However, the basis for the Sellers holding that the State cannot appeal an order entered within the period of the trial court's plenary power is that the order entered during the trial court's plenary power is not a final order that would bring it within the purview of article 44.01(a)(2). See Sellers, 790 S.W.2d at 320-21. In the present case as well as in Maldonado, the State is appealing a final judgment that was "reformed" in accordance with the procedure identified in article 22.17 and, thus, ironic or not, it falls within the express terms of article 44.01(a)(2), as acknowledged by the Maldonado Court. Maldonado, 936 S.W.2d at 16. The Maldonado Court's discomfort in

---

[4] Sellers involved the State's attempt to appeal the "reformation" of a judgment nisi by entry of final judgment. By contrast, both the present case and Maldonado involved the State's attempt to appeal the reformation, pursuant to article 22.17, of a final judgment by way of a special bill of review.

their reliance on Sellers is illustrated by the closing statement in the opinion, "While the Texas Court of Criminal Appeals may ultimately hold that article 44.01(a)(2) authorizes the State to appeal an order entered pursuant to article 22.17, we believe ourselves bound by the holding and implications of Sellers. Accordingly, the State's appeal is dismissed for want of jurisdiction."

While we question the analysis of the Maldonado Court, we do not question its holding. Sellers instructs us that article 44.42 does not authorize the State to appeal a final judgment in a bond forfeiture proceeding. See Sellers, 790 S.W.2d at 319. However, Sellers further provides that article 44.42 does not prohibit the State's appeal in a bond forfeiture case if otherwise authorized by the legislature. See id. We are aware of no legislative authorization contained within the Code of Criminal Procedure or elsewhere that would authorize the State to take a direct appeal from a final judgment in a bond forfeiture proceeding. Thus, were we presented with the State's direct appeal from a final judgment in a bond forfeiture proceeding, we would have no pause in dismissing the appeal for want of jurisdiction.

But, the present case is not a direct appeal from a final judgment in a bond forfeiture proceeding. Rather, it is an appeal of a reformation of a final judgment. While we acknowledge the State's argument that article 44.01(a)(2) appears to authorize the State to appeal an order that "arrests or modifies a judgment," including a judgment in a bond forfeiture proceeding, we find that it would be logically inconsistent for that article to authorize the appeal of a modification of a final judgment, while at the same time not authorizing the appeal of the original judgment.

Because we must construe statutory provisions in a manner that avoids illogical or absurd results, see Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991), we hold that article 44.01(a)(2) does not authorize the State to appeal a reformation of a final judgment in a bond forfeiture proceeding.

For the foregoing reasons, we dismiss the State's appeal for want of jurisdiction.

Mackey K. Hancock
Justice