The STATE of Texas, Appellant,

v.

Wesley O. SELLERS, et al., Appellee.

Nos. 410–89, 411–89 and 412–89.

Court of Criminal Appeals of Texas,
En Banc.

May 16, 1990.

John B. Holmes, Dist. Atty., Don J. Clemmer, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for appellant.

Stanley C. Schneider, W. Troy McKinney, Houston, for appellee.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In 1987, Article V, § 26 of the Texas Constitution was amended to provide the State a right to appeal in criminal cases "as authorized by general law." S.J.R. No. 34, 70th Leg., p. 4114, Regular Session 1987, eff. Nov. 3, 1987. The State's right to appeal is thus a statutorily created one. Cf. *Galitz v. State*, 617 S.W.2d 949, at 951 (Tex.Cr.App.1981); *Basaldua v. State*, 558 S.W.2d 2 (Tex.Cr.App.1977). In the instant causes we are called upon to decide whether the Legislature has authorized the State to appeal from an adverse judgment in a bond forfeiture proceeding.

Specifically, the State petitions this Court to review the decision of the Fourteenth Court of Appeals dismissing the State's appeal from a take-nothing judgment in

these three bond forfeiture cases. *State v. Sellers*, 766 S.W.2d 312 (Tex.App.—Houston [14th] 1989). The State contended that the court of appeals had jurisdiction by virtue of amendment to Article 44.01, V.A.C.C.P. See Acts 1987, 70th Leg., ch. 382, p. 1884, § 1, eff. Nov. 3, 1987. The court of appeals rejected this contention. We granted the State's petition for discretionary review under Tex.R.App.Pro., Rule 200(c)(2) & (4).

### I.

As summarized by the court of appeals' opinion, the proceedings below were as follows:

"On January 14, 1985, the defendant-principal, Wesley O. Sellers, and surety, James Upshaw, executed appearance bonds in cause numbers 364737, 411560, and 144485 in favor of the State of Texas in the amounts of $50,000.00, $40,000.00 and $50,000.00 respectively. Each appearance bond was filed with the district court clerk on January 16, 1985. On July 7, 1986, Mr. Sellers failed to appear in court as required and on July 9, 1986, the trial court granted judgments nisi forfeiting the full amount of each bond. Mr. Sellers was never returned to custody in Harris County, Texas and was killed during a gun battle with police in Tempe, Arizona on November 21, 1986.

"The trial court, on September 17, 1987, granted Mr. Sellers' attorney's motion to dismiss the criminal charges that were the basis of the three appearance bonds. Appellee moved to set aside the bond forfeiture pursuant to TEX.REV. CIV.STAT.ANN. art. 2372p–3, § 13(c) on March 15, 1988. The trial court overruled the State's objections to the motion and ordered that Appellee Upshaw be absolved of all liability on the bonds pursuant to Article 2372p–3 § 13(c) and that he 'be released from liability upon payment of court costs and prejudgment interest pursuant to Article 22.16 as amended.' The court then granted the State recovery of the full amount of each bond plus costs from Mr. Sellers. Final judgments in each case were signed April 11, 1988. The State of Texas has appeal-ed these judgments pursuant to TEX. CODE.CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1989)."

*State v. Sellers*, supra, at 313. Upshaw filed a motion in the court of appeals requesting it to dismiss the State's appeal as not falling within the ambit of Article 44.-01, supra. The court of appeals agreed and dismissed the appeal.

In the process the court of appeals rejected the State's argument that the final judgments in these causes were appealable under Article 44.01(a)(2), supra. That provision entitles the State "to appeal an order of a court in a criminal case if the order . . . arrests or modifies a judgment[.]" The State contended that because the trial court's final judgments "modified" the judgments nisi, it may appeal those final judgments. The court of appeals' rejection of the State's contention was two-fold. First, the court of appeals concluded that the State cannot appeal bond forfeiture matters because Article 44.42, V.A.C.C.P., authorizes only defendants to do so. Secondly, in any event, Article 44.01(a)(2), supra, cannot be interpreted to permit State's appeals in bond forfeiture cases. In its petition for discretionary review the State disputes both aspects of the court of appeals' analysis. We will address the State's arguments *seriatim*.

### II.

■ Initially, the court of appeals observed that Article 44.01, supra, nowhere *expressly* authorizes a State's appeal from a bond forfeiture proceeding. At the same time, Article 44.42, supra, provides:

"An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."

The court of appeals believed that this Court had interpreted Article 44.42, supra, by expressly authorizing only defendants to appeal from a final judgment in a bond forfeiture proceeding, to preclude appeal

by the State. *State ex rel. Vance v. Routt,* 571 S.W.2d 903, at 907 (Tex.Cr.App.1978). Because Article 44.42, supra, was untouched by the 1987 amendments affording the State a limited right to appeal, the court of appeals concluded that the State is still not authorized to appeal from a judgment in a bond forfeiture case.

In its petition for discretionary review the State argues that Article 44.42, supra, was never intended to limit State's right to appeal in a bond forfeiture case, but only to limit a defendant's appeal to judgments in excess of twenty dollars. The State contends:

> "that Article 44.42 has no bearing on the State's right to appeal. The obvious intent of this statute is to limit the *defendant's* right to appeal to only those cases where the judgment exceeds twenty dollars. The phrase 'but not otherwise' refers to the amount of the judgment and nothing more. This interpretation is supported by a reading of Chapter Forty–Four as a whole as it existed prior to the 1987 Amendment. Former Article 44.01 simply stated that the State had no right to appeal. All articles following 44.01 could, therefore, only refer to the defendant's right of appeal. This is literally what is stated by Article 44.02:
>
>> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, ...
>
> TEX.CODE CRIM.PROC.ANN. art. 44.-02 (Vernon 1979). Since 44.42 does not apply to an appeal by the State, the Court of Appeals erred in dismissing the appeal on that basis." [1]

After examining the history of Article 44.-42, supra, we disagree that the statute serves no other function than to limit a defendant's appeal to judgments exceeding twenty dollars. We do believe, however, that Article 44.42, supra, should no longer be read as necessarily to *preclude* a State's appeal in bond forfeiture cases after the 1987 amendment to Article V, § 26, granting the State authority to appeal in criminal cases "as authorized by *general law.*"

Prior to the Constitution of 1876 the State was not expressly prohibited from appeal in criminal cases. "The first state constitution left the matter of criminal procedure to the legislature, and the legislature in providing criminal appeals did not confer a right of appeal upon the state until 1856." Article V, § 26, Interpretive Commentary at p. 325. Article 718 of the 1856 Code of Criminal Procedure permitted appeal by the State, limited to adverse rulings on exceptions to an indictment or information and motions in arrest of judgment. By Act of February 15, 1858, Article 738a was added to the Code of Criminal Procedure. Article 738a read:

> "An appeal may be taken either by the State or defendant, from every final judgment rendered upon a recognizance, bail bond, or bond taken for the prevention or suppression of offenses, and the proceedings in such cases shall be regulated by the same rules which are prescribed in civil suits, except that no security shall be required of the State."

Law of Feb. 15, 1858, ch. 151, § 1, 1858 Tex.Gen.Laws 243, 4 H. Gammel, Laws of Texas 1115 (1898). Clearly this earliest incarnation of Article 44.42, supra, provided right of appeal to both defendants and the State in bond forfeiture proceedings.

The Constitution of 1876 for the first time expressly and categorically prohibited State's appeal "in criminal cases." Article V, § 26, supra. Accordingly, the Legislature added Article 836 to the 1879 Code of Criminal Procedure, codifying the new constitutional prohibition. Also in the 1879 Code, Article 738a was recodified as Article 891. Article 891 continued to authorize appeal from either the defendant or the State, but for the first time allowed appeal by *either* party "where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise[.]"

Though believing that drafters of the 1879 Code "were of opinion that [bond forfeiture proceedings] were and should be treated as civil and not criminal cases," the Court of Appeals in *Hart v. The State,* 13 Tex.App. 553, at 557 (1883), nevertheless

---

1. Emphasis in the original. All other emphasis supplied unless otherwise indicated.

adhered to earlier case authority which had held bond forfeiture cases to be "of a criminal nature." *Gay v. The State*, 20 Tex. 504, 506–507 (1857). Observed the Court of Appeals in *Hart*, supra:

"If the question was an original one, it might be that we would take a different view from the conclusions arrived at when the question was first before the courts. As it is, the practice is now so well settled in this State that we do not believe it to be the part of wisdom or sound policy to interfere with or change it. Such cases will still be considered criminal in character, but in all proceedings after judgment nisi and issuance of *scire facias* liable, unless where otherwise expressly provided by statute, to be governed in practice by the same rules as obtain in civil cases."

13 Tex.App. at 557.

Article 891, nee Article 738a, was again recodified in the 1895 Code of Criminal Procedure, appearing as Article 926. In apparent response to the steadfast view of the courts that bond forfeiture proceedings were "criminal in character," and in keeping with the Article V, § 26 prohibition of State's appeals in "criminal cases," Article 926 for the first time omitted the words "either by the state or defendant" and authorized appeal in bond forfeiture proceedings "by the defendant" only.[2] Defendant's right to appeal remained limited to judgments of twenty dollars or more.

We do not share the State's view that Article 44.42, supra, has no other significance than to limit a defendant's appeal to judgments in excess of twenty dollars. That limitation existed at a time when the statute permitted appeals by both the State and defendants. Article 44.42, supra, is the very source of a defendant's right to appeal a bond forfeiture proceeding. For that matter, historically, authority for an appeal by *either* party has emanated from predecessors to Article 44.42, supra. It is

not surprising, then, that in *State ex rel. Vance v. Routt*, supra, finding no authorization in Article 44.42 for a State's appeal, and in view of Article V, § 26 as it read at that time, a panel of this Court found the State had no adequate remedy on appeal in bond forfeiture cases. We presume the Legislature was aware of *Routt* when it undertook to restore a limited right of appeal to the State in 1987, pursuant to amended Article V, § 26. See *Drake v. State*, 686 S.W.2d 935, at 943 (Tex.Cr.App. 1985). Had the Legislature intended to authorize the State "by general law" once again to appeal from an adverse judgment in a bond forfeiture proceeding, we might well expect to find an amendment to Article 44.42, supra.

On its face, however, Article 44.42, supra, does not *prohibit* a State's appeal in bond forfeiture cases. The Legislature could, without conflict, authorize a State's appeal in some provision other than Article 44.42, supra, under present Article V, § 26. Thus we conclude that to the extent it held Article 44.42, supra, to be wholly dispositive of the question whether the State could bring these appeals, the court of appeals erred. We turn, then to the State's contention that, Article 44.42, supra, notwithstanding, it may appeal the instant causes by authority of Article 44.01(a)(2), supra.

### III.

█  The court of appeals construed Article 44.01(a)(2), supra, when it speaks of appeal from an "order" that "modifies a judgment," to mean an order modifying a *final* judgment. To allow appeal from an "order" modifying a judgment nisi would in effect allow appeal from an interlocutory judgment, something the court of appeals observed it "has never had the power to entertain ... except where specifically authorized by law." 766 S.W.2d at 314. The

2. The Court of Appeals in *Hart v. The State*, supra, also held the State could not take a writ of error, in spite of express statutory authorization to the contrary in predecessors to what is now Article 44.43, V.A.C.C.P. See Articles 738b of the 1856 Code of Criminal Procedure; Article

892 of the 1879 Code; Article 927 of the 1895 Code; and Article 961 of the Code of 1911. In the 1925 Code of Criminal Procedure Article 865 for the first time authorized only the defendant to have judgment in a bond forfeiture proceeding revised upon writ of error.

court of appeals found no such authorization in Article 44.01, supra.

The State now contends the court of appeals erred in construing "judgment" in Article 44.01(a)(2), supra, to mean final judgment. Noting that Article 44.01 permits interlocutory appeals in other contexts, such as when the trial court grants an order suppressing critical evidence, quashing a part of a charging instrument or sustaining a plea of former jeopardy, the State argues "[t]here is no reason to conclude that the Legislature intended to exclude [a judgment nisi] from those judgments which form the basis of an appeal under Article 44.01(a)(2) merely because such a judgment is interlocutory." While conceding that "most of the legislative debate centered on suppression of evidence and double jeopardy issues," the State maintains "there is no indication that the intent was to limit the application of 44.01 so as not to apply to bond forfeitures."

That there is "no indication" of a legislative intent "not to apply" Article 44.01(a)(2) to bond forfeiture cases, however, does not justify an untenable interpolation of the statute. Like the court of appeals, we cannot believe the Legislature intended a final judgment in a bond forfeiture case to be regarded as an "order" that "modifies" a "judgment" in contemplation of Article 44.-01(a)(2), supra. We cannot imagine the Legislature would have chosen such an oblique route to authorize State's appeal in a bond forfeiture case. In our view a judgment nisi is not a "judgment" under this provision.

It is true that Article 22.02, V.A.C.C.P., mandates that upon a defendant's failure to appear:

"... *judgment* shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear."

See also, e.g., Articles 22.03 & 22.04, V.A.C.C.P. Finality of that "judgment" is made expressly conditional, however, and other provisions in Chapter Twenty-Two describe this "judgment" as no more than "a judicial declaration of ... forfeiture." See Articles 22.01, 22.10, 22.12 & 22.125, V.A.C.C.P. As the Court observed in *Hernden v. State*, 505 S.W.2d 546, at 548 (Tex.Cr.App.1974), "at this stage that judgment [of forfeiture] can only be a judgment nisi." Although a prerequisite to final judgment in a bond forfeiture proceeding, a judgment nisi, literally a judgment "unless," is not an enforceable judgment in itself. See *Hokr v. State*, 545 S.W.2d 463 (Tex.Cr.App.1977) (Onion, P.J., concurring). Indeed:

"... [i]t must be remembered ... that all the proceedings in [bail forfeiture] cases are *ex parte* up to the service of the *scire facias* on the sureties. After such service for the first time have these sureties the right to be heard in the case; and none of the previous proceedings are binding upon them until they have had an opportunity of showing 'why the judgment nisi shall not be made final.'"

*Hester v. State*, 15 Tex.App. 418, at 420 (1884). That opportunity comes at "the trial required by Article 22.14" of the Code. See Article 22.125, V.A.C.C.P. At that trial:

"[a] judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. It is well settled that the State's case in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *General Bonding and Casualty Ins. Co. v. State*, 73 Tex. Cr.R. 649, 165 S.W.2d [sic] 615 (1913). Once this has been established, the defendant must then prove that one of the elements has not been complied with."

*Tocher v. State*, 517 S.W.2d 299, at 301 (Tex.Cr.App.1975). If the bond and judgment nisi are sufficient, then it is incumbent upon the defendant to show "sufficient cause ... for the failure of the principal to appear," and if he cannot, "the judg-

ment shall be made final." Article 22.14, V.A.C.C.P.[3]

In effect a judgment nisi serves as documentary evidence of a fact the State must prove to obtain a favorable judgment in a bond forfeiture case, *viz:* that the principal did in fact fail to appear in accordance with his bond. Although a judicial declaration of forfeiture, a judgment nisi alone authorizes no recovery by the State. Assuming the Legislature intended "judgment" in Article 44.01(a)(2), supra, to include judgment in a bond forfeiture proceeding at all,[4] we would at least construe it, as did the court of appeals, to mean a final judgment pursuant to Article 22.14, supra. Thus we hold that a judgment nisi is not a "judgment" in contemplation of Article 44.01(a)(2), supra. Because a judgment nisi is not a "judgment," final judgment following trial upon a judgment nisi cannot be considered an "order" that "modifies" an earlier "judgment."

We hold that neither Article 44.42 nor Article 44.01(a)(2), both supra, authorizes the State's appeal in these causes.

### IV.

■ Although not presented in its motion for rehearing in the court of appeals, and thus not addressed by that court, the State also contends that under revised Article V, § 26, supra, "it has a right of appeal independent of the criminal rules." We disagree.

The State invokes Article 22.10, V.A.C.C.P., and V.T.C.A. Civil Practice and Remedies Code, § 51.012, as authority for the proposition that it "is entitled to an appeal under the civil rules." Article 22.10, supra, reads:

"When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; *and the proceedings therein shall be governed by the same rules governing other civil suits.*"

§ 51.012, supra provides:

"*In a civil case* in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court."

The short answer to the State's contention is, of course, that a bond forfeiture proceeding is not a "civil case," Article 22.10, supra, notwithstanding. The Supreme Court of Texas long ago noted, in responding negatively to the certified question whether courts of civil appeals had jurisdiction to entertain appeals in bond forfeiture proceedings, that "[t]he effect of this provision [a forerunner of Article 22.10] was to prescribe the manner of trial, but did not change the character of the case." *Jeter v. State,* 86 Tex. 555, 26 S.W. 49 (1894). The Supreme Court, the Court of Appeals, and its successor, this Court, have all consistently held that bond forfeiture is a criminal matter. *Gay v. The State, Hart v. The State,* and *State ex rel. Vance v. Routt,* all supra. Article 22.10, supra, simply prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi. It does not transform a bond forfeiture proceeding from a criminal into "a civil case" for purposes of § 51.012, supra.[5]

**3.** This Court long held under Article 44.42, supra, and its predecessors, that it had no jurisdiction to entertain a direct appeal from a judgment nisi declaring forfeiture of a bond. E.g., *Burgemeister v. State,* 83 Tex.Cr.R. 307, 203 S.W. 770 (1918); *Swanson v. State,* 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1960). The reason for this holding was that a judgment nisi is not a final judgment, and the statute has always expressly limited a defendant's right (and, prior to 1895, the State's as well) to appeal of "final judgments" in bond forfeiture proceedings.

**4.** A defendant's general right to appeal under Article 44.02, V.A.C.C.P., and its predecessors has always been limited to appeal from a "final judgment," though the statute does not contain this limitation on its face. "Judgment" in this context is understood as defined by Article 42.-01, V.A.C.C.P., and its precursors. See *Ryan v. State,* 81 Tex.Cr.R. 632, 198 S.W. 582 (1917).

**5.** The State contends that a holding that it may appeal pursuant to civil provisions "would be in harmony with the holding in *Roberts v. State,* 749 S.W.2d 624 (Tex.App—Fort Worth 1988), where the Fort Worth court held that in a bond

Finding no provision in law authorizing a State's appeal in bond forfeiture cases, we conclude that the court of appeals properly dismissed the instant appeals. Accordingly, the judgment of the court of appeals is affirmed.

WHITE, J., concurs in the result.

forfeiture proceeding the State was entitled to the same remedies as an ordinary civil litigant, including a motion for new trial, despite the language in *Routt* to the contrary." In *Routt* this Court had observed that "[t]here is authority for the proposition that the State may not move for a new trial after the final bond forfeiture and that such an attempt is a nullity. *Perry v. State,* 14 Tex.App. 166 (1883); *Robertson v. State,* 14 Tex.App. 211 (1883)." 571 S.W.2d at 907. Both *Perry* and *Robertson* had relied upon Article 776 of the 1879 Code of Criminal Procedure, providing that "[a] new trial can in no case be granted where the verdict or judgment has been rendered for the defendant." That article eventually became Article 40.02 of the 1965 Code. Although Article 40.02, supra, was not carried over verbatim into Rule 30 of the new Rules of Appellate Procedure, effective September 1, 1986, that Rule nevertheless provides for new trial only "upon motion of an accused." In any event, even assuming the State is currently authorized to seek a motion for new trial in a bond forfeiture matter pursuant to Article 22.10 and Tex.R.Civ.P., Rule 320—a question we need not decide now—it is still a criminal, not a civil, proceeding. The State may not appeal on authority of § 51.012, supra.