**Carolyn Findley PRICE,
Surety, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Carolyn Findley PRICE,
Surety, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 2–92–227–CV, 2–92–279–CV.**

Court of Appeals of Texas,
Fort Worth.

April 28, 1993.

Opinion Overruling Motions to Retax
Costs and for Rehearing July 13, 1993.

Carolyn Findley Price, Arlington, pro se.

Tim Curry, Criminal Dist. Atty., and Robert D. Browder, Asst., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

### OPINION

HILL, Chief Justice.

Carolyn Findley Price, surety on two appearance bonds, appeals from the judgment of the trial court that remitted the full amount of the bond following forfeiture, but which deducted court costs. In a single point of error in both cases, Price argues that the clerk of the court assessed civil costs of court even though this is a criminal proceeding. She acknowledges that such a proceeding is governed by the civil procedural rules. She also does not deny that the trial court is authorized to assess costs when remitting a bond forfeiture. TEX.CODE CRIM.PROC.ANN. art. 22.16(d) (Vernon 1989).

■ We affirm because the judgment of the court does not specify that the costs assessed are civil costs, but merely assesses costs as authorized by article 22.16(d).

Consequently, if the clerk erroneously assessed costs, as argued by Price, it was an error of the clerk and not an error in the court's judgment. Therefore, such action on the part of the clerk, if it be error, is not such an error as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. We may not reverse the judgment because it contains no error, and Price has shown us no error that was reasonably calculated to cause or probably did cause rendition of an improper judgment. TEX.R.APP.P. 81(b)(2).

The judgment is affirmed.

## OPINION ON MOTION TO RETAX COSTS AND MOTION FOR REHEARING

Carolyn Findley Price, the appellant, has filed a motion for rehearing and motion to retax costs on appeal. She urges that we consider her point that she is not obligated for the fees assessed in the court of appeals for civil cases since her appeal is a criminal proceeding. She contends that we erred in using the analysis of reversible error for civil cases as contained in TEX. R.APP.P. 81(b)(1) instead of the rule applicable to criminal cases, rule 81(b)(2), in addition to generally urging that we erred in our determination in this case in our original opinion. The State contends that Price's motions were untimely filed.

 Initially, we hold that Price's motions for rehearing and to retax costs were timely filed because they were mailed by first class mail on the due date, as reflected by a legible postmark to that effect, and received by us on the next day. TEX. R.APP.P. 4(b).

 We overrule Price's motion to retax her court costs on this appeal. Price is correct in her assertion that bond forfeiture is a criminal proceeding. *See State v. Sellers*, 790 S.W.2d 316, 321 (Tex.Crim. App.1990). However, the costs in this appeal, although provided for by statute, are both by the directive of that statute and by the rules themselves a part of the civil procedural rules. *See* TEX.GOV'T CODE ANN. § 51.207(d) (Vernon 1988); TEX. R.APP.P. 13. As we noted in the original opinion, appeals from bond forfeitures are governed by civil procedural rules. *See Stolarski v. State*, 165 Tex.Crim. 611, 310 S.W.2d 76 (1958). Therefore, there was no error in the assessment of costs as authorized in civil cases.

Price contends that she has no other avenue to question the trial court's order denying the retaxing of costs in the trial court than this appeal. We note that Price perfected her appeal from the judgment, not the overruling of her motion to retax.

We overrule Price's motion for rehearing because we correctly applied the civil standard of appellate review, inasmuch as civil procedural rules are applicable, and because we are of the view that the matter was correctly decided.