11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ray Stewart Marion 

Appellant

Vs.                   No. 11-03-00412-CR B
Appeal from Midland County

State
of Texas

Appellee

 

This is an attempted appeal arising from two
convictions occurring in 1996.  A Midland
County jury convicted appellant of aggravated sexual assault and indecency with
a child by sexual contact, enhanced by two prior felony convictions.  Appellant appealed both convictions to the
Eighth Court of Appeals in Cause No. 08-96-00150-CR, styled Ray Stewart
Marion v. The State of Texas.  The Eighth Court of Appeals affirmed both
convictions in a written opinion issued on June 5, 1997. 

Appellant filed a subsequent notice of appeal on
December 15, 2003, seeking to appeal Athe
psychological evaluation decision that was conducted by Dr. John R. Howlett, Jr. on March 11, 1996, for the trial court.@[1]  The Trial Court=s
Certification of Defendant=s
Right of Appeal filed in this case indicates that appellant does not have a
right of appeal.  The certification
outlines the procedural history of appellant=s
convictions including the issuance of the mandate by the Eighth Court of
Appeals on November 7, 1997.  The
certification also states that the trial court refused appellant=s request to file an out-of-time
appeal.  The issue before us is whether
appellant timely filed his notice of appeal. We conclude that he did not and
dismiss the attempted appeal for want of jurisdiction.








A timely notice of appeal is necessary to invoke
this court=s
jurisdiction.  Olivo v. State, 918
S.W.2d 519, 522 (Tex.Cr.App.1996). 
TEX.R.APP.P. 26.2(a) prescribes the time period in which a notice of
appeal must be filed by the defendant in order to perfect an appeal in a
criminal case: 

(a) By the Defendant. The notice of appeal
must be filed: 

 

(1) within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an appealable order; or 

(2) within 90 days after
the day sentence is imposed or suspended in open court if the defendant timely
files a motion for new trial. 

 

Therefore, a defendant=s
notice of appeal is timely if filed within 30 days after the day sentence is
imposed or suspended in open court or within 90 days after sentencing if the
defendant timely files a motion for new trial. 
See Rule 26.2(a); Olivo
v.  State, supra at
 522. 

Appellant seeks to appeal a decision purportedly
made on March 11, 1996.[2]  Appellant=s
sentences were imposed on March 28, 1996. 
The 30-day and 90-day deadlines specified by Rule 26.2(a) have long
since expired.  This court=s authority for granting an extension
of time to file a notice of appeal has also expired.  See TEX.R.APP.P. 26.3.  Therefore,
appellant has failed to perfect his appeal by filing a timely notice of
appeal.  Moreover, the trial court=s certification indicates that
appellant does not possess a right of appeal.[3]  TEX.R.APP.P. 25.2(d) requires that an appeal
must be dismissed if a certification showing that the defendant has a right of
appeal has not been made part of the appellate record.  Accordingly, we dismiss this appeal for want
of jurisdiction.[4]

 

PER CURIAM

January 15, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











    
[1]Effective
September 1, 2003, appeals from Ector, Gaines, Glasscock, Martin, and Midland
Counties are filed in the Eleventh Court of Appeals District.  See TEX. GOV=T CODE ANN. ' 22.201(l) (Vernon Supp. 2004).





    
[2]Appellant
expressly states in the documents that he has filed with this court that he is
not appealing his original convictions.  Generally, a criminal defendant may only appeal from a
final judgment.  See
State v. Sellers, 790 S.W.2d 316, 321 (Tex.Cr.App.1990). 
We do not express an opinion as to whether the decision which appellant
seeks to appeal is an appealable order.





    
[3]As
per our determination that appellant=s appeal is untimely, we agree with
the trial court=s determination that appellant does
not possess a right of appeal in this proceeding.





     [4] We express no opinion regarding the availability of
post-conviction, habeas corpus relief under TEX. CODE CRIM.
PRO. ANN. art. 11.07 (Vernon
Supp. 2004).