NO.
12-06-00119-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DUSTIN WILSON TAYLOR,          §          APPEAL
FROM THE 4TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          RUSK
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Appellant
pleaded guilty to attempted murder.  On
August 30, 2005, the trial court found him guilty and assessed his punishment
at imprisonment for ten years.  Appellant
did not file a notice of appeal.  On
April 12, 2006, Appellant filed a notice of appeal by which he sought to appeal
the trial court’s denial of his “Ex Parte Motion for Post Conviction ‘Notice of
Appeal’ Out of Time or a New Trial for a Good Cause Shown.”  On April 26, 2006, this Court notified
Appellant that the information received in this appeal does not show the
jurisdiction of this Court in that no final judgment or other appealable order
is contained therein.  Appellant was
further notified that the appeal would be dismissed unless the information was
amended on or before May 8, 2006 to show this Court’s jurisdiction.  On May 8, 2006, Appellant responded to
our April 26, 2006 notice, but did not amend the previously received
information.

            Subject to
certain exceptions not applicable here, a criminal defendant may appeal only
from a final judgment.  See State
v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990).  Consequently, the denial of a motion for new
trial is not separately appealable.  See,
e.g., Graves v. State, No. 14-05-00034-CR, 2005 WL 309977, at *1
(Tex. App.–Houston [14th Dist.] Feb. 10, 2005, no pet.) (not designated for
publication).  Similarly, a trial court’s
order denying a motion for an out of time appeal is not an appealable order.[1]  Therefore, we have no jurisdiction over this
appeal.  Accordingly, the appeal is dismissed
for want of jurisdiction.

Opinion delivered May 10,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] As
an aside, we note that the court of criminal appeals has exclusive jurisdiction
in a felony case to grant an out of time appeal.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon 2005).