

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### Nos. PD-0245-09 & PD-0246-09

### SAFETY NATIONAL CASUALTY CORPORATION (AGENT MICHAEL W. COX), Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

**HOLCOMB, J., filed a dissenting opinion, in which WOMACK, J., joined.**

The question presented is whether, in an appeal from a final judgment in a criminal bail-bond forfeiture case, the court of appeals may assess civil appellate filing fees. I agree with the court of appeals in this case that the answer to that question is "yes."

Article 22.10 of the Texas Code of Criminal Procedure provides:

"When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire fascias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by

the same rules governing other civil suits."

Thus, when a criminal defendant, out on bail, fails to appear in court at the appointed time, so that a forfeiture of his bond is judicially declared, an ancillary lawsuit, quasi-civil in nature, arises, with the State as the civil plaintiff and the defendant and his bondsman as the civil defendants.

Article 44.42 of the Code, in turn, provides:

"An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."

Thus, when the trial court renders a final judgment in a criminal bail-bond forfeiture case, the criminal defendant and/or his bondsman may appeal from that final judgment, just like any other civil defendant can appeal from a final judgment in any civil case.

Finally, Article 44.44 of the Code provides:

"In the cases provided for in [Article 44.42], the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken . . . ."

Thus, when a criminal defendant and/or his bondsman appeal from a final judgment in a criminal bail-bond forfeiture case, that appeal operates in the same manner as any other civil appeal, civil appellate filing fees and all. That, it seems to me, is the only reasonable way to interpret this statutory scheme.

The majority relies upon our decision in *State v. Sellers*, 790 S.W.2d 316 (Tex.Crim.App. 1990), for the proposition that, in the majority's words, "once a bond forfeiture case is ripe for appellate review, it is governed by criminal appellate procedure." But there was no such sweeping holding in *Sellers*. *Sellers* held only that Article 22.10 (quoted above) "simply prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi" and did not authorize

the State to appeal "under the civil rules." *Sellers v. State*, 790 S.W.2d at 321. About that narrow proposition, I do not quarrel. However, *Sellers* did not address the meaning of Article 44.44 (quoted above) in general or in the present context.

I agree with the court of appeals that the procedural rules governing civil appeals apply to criminal bail-bond forfeiture appeals and, therefore, that it is proper to assess civil appellate filing fees in such appeals. Because the majority does not so hold, I respectfully dissent.


FILED MARCH 3, 2010

PUBLISH