**Opinion filed May 17, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00370-CR

_____

## PETER H. EGGERT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR 12122**

## MEMORANDUM OPINION

Peter H. Eggert filed a pro se notice of appeal in the trial court on December 27, 2011. According to the notice of appeal, he is appealing an order denying his pro se motion to recuse the trial judge. We dismiss for want of jurisdiction.

On December 27, 2011, the clerk's office notified appellant in writing that it did not appear that he was appealing a final, appealable order. Appellant was requested to provide a written response by January 11, 2012, showing grounds for continuing this appeal. Appellant filed a pro se response on January 11, 2012, wherein he alleged that his motion to recuse was meritorious and that he did not have any other remedy for contesting its denial. However,

appellant did not address the question concerning the fact that the order did not constitute a final, appealable order. Additionally, the special prosecutor representing the State filed a response in this court indicating that the trial court subsequently entered a judgment revoking appellant's community supervision on January 13, 2012.[1] The judgment revoking community supervision confirms that the order denying appellant's pro se motion to recuse does not constitute a final, appealable order.

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *see* TEX. R. APP. P. 25.2(a)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order"). A defendant's general right to appeal under Article 44.02 has always been limited to an appeal from a final judgment. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008); *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). Courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Appellant has not provided us with any statutory authority, and we have not found any that permits the interlocutory appeal of an order denying a motion to recuse.

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

May 17, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1] We note that appellant has not subsequently filed an appeal from the judgment revoking community supervision entered on January 13, 2012.