

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00212-CR

MICHAEL EDWARD DAWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 60,245-E, Honorable Douglas Woodburn, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On July 9, 2013, appellant, Michael Edward Dawn, filed in this Court his *pro se* Notice of Appeal in which he sought to appeal the denial "by operation[] of law" of a motion he had filed in the trial court on May 15, 2013. Said motion is entitled "Petition for Correction of Court's Written Judgment." Appellant's "Petition" appears to seek modification of the trial court's March 19, 2010 Judgment of Conviction. To the extent that appellant seeks to appeal the March 19, 2010 judgments of conviction, he may not do so; this Court dismissed his appeals for want of jurisdiction on May 31, 2011, for

failure to timely file notices of appeal.  See Dawn v. State, Nos. 07-1100161-CR, 07-11-00162-CR, 2011 Tex. App. LEXIS 4125, at *2–3 (Tex.App.—Amarillo May 31, 2011, no pet) (mem. op., not designated for publication).[1]  Mandates were issued in those causes on October 6, 2011.  To the extent that appellant seeks to appeal the trial court's ruling on his "Petition," we noted a probable defect in our jurisdiction over such an appeal in the apparent absence of a final, appealable order.

On July 18, 2013, we notified appellant of the probable defect in our jurisdiction and directed appellant to show grounds for continuing his appeal on or before August 16, 2013.  We alerted appellant that, unless he could show why this Court had jurisdiction over his purported appeal, we would dismiss the appeal for want of jurisdiction.  See TEX. R. APP. P. 43.2(f).

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); see TEX. R. APP. P. 25.2(a)(2) (providing that a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order").  However, a criminal defendant's general right to appeal under article 44.02 has always been limited to an appeal from a final judgment.  See Abbott v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008); State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990) (en banc).  Courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.  Apolinar v. State, 820 S.W.2d 792, 794

---

[1] Appellant was convicted in two separate judgments for separate offenses of assault on a family member.  However, appellant's "Petition" refers only to trial court cause number 60, 245-E, which was assigned appeal cause number 07-11-00161-CR.

(Tex.Crim.App. 1991) (en banc); <u>see</u> <u>Abbott</u>, 271 S.W.3d at 697.  Appellant has not provided us with any statutory authority, and we have found none that would authorize the appeal of a denial—either by operation of law or by written order—of a motion in the nature of the "Petition" from which appellant attempts to appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.  <u>See</u> TEX. R. APP. P. 43.2(f).


Mackey K. Hancock
Justice


Do not publish.