**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00410-CR

————————————

**MARVIN CHARLES FARRIEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1590083**

---

## MEMORANDUM OPINION

The Harris County District Attorney has filed a complaint charging appellant, Marvin Charles Farriel, with the felony offense of robbery and alleging that he had two prior felony convictions. Appellant has filed a notice of appeal of the trial court's order denying bail. We dismiss the appeal.

In the trial court proceeding, the State moved for denial of bail, asserting that appellant had been "twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission and conviction." *See* TEX. CONST. art. I, § 11a (providing, if certain procedures are followed, bail may be denied to person "accused of a felony less than capital" in certain circumstances). After a hearing, the trial court signed an order setting appellant's bond at "0." Appellant then filed his notice of appeal of the trial court's "order denying bail under Article I, § 11a of the Texas Constitution." The trial court clerk sent a copy of the notice of appeal to this Court, and the Clerk of this Court docketed the appeal. *See* TEX. R. APP. P. 12.1, 25.2(e); *but see id.* 71.1.

An appeal in a criminal case is permitted only when specifically authorized by statute. *See* TEX. CODE CRIM. PROC. art. 44.02 (West 2006); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim App. 2011). Generally, a criminal defendant may appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim App. 1990). A court of appeals does not have jurisdiction to review an interlocutory order in a criminal case unless jurisdiction has been expressly granted by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.*; *see Criner v. State*, 878 S.W.3d 162, 164 (Tex. Crim. App. 1994)

2

(explaining Texas Constitution, Article I, section 11a, provides "defendant may challenge the order denying bail by direct appeal" to the Texas Court of Criminal Appeals); TEX. R. APP. P. 71.1 ("[C]ases in which bail has been denied in non-capital cases under Article I, Section 11a of the Constitution, are appealed directly to the Court of Criminal Appeals.").[1]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] We notified appellant of our intent to dismiss the appeal unless he demonstrated that we have jurisdiction over the appeal. Appellant responded that he does not contend that this Court has jurisdiction over his appeal, "gave notice of appeal of the trial court's denial of bail pursuant to TEX. CONST. art. 1, sec 11a," and directed the trial court clerk to forward the notice of appeal to the Texas Court of Criminal Appeals. We have forwarded to the clerk of that court a copy of the notice of appeal filed in this Court.