**Dismissed and Memorandum Opinion filed June 20, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00277-CR

## TIMOTHY CHARLES HILL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1510879**

## MEMORANDUM OPINION

Appellant filed a notice of appeal attempting to appeal orders of dismissal in trial court cause numbers 1510879 and 1510810.[1] A review of the record before this court indicates that on March 5, 2019 the trial court granted the State's motion to dismiss trial court cause number 1510879 due to a missing witness.

---

[1] The appeal of trial court cause number 1510810 was previously dismissed by this court. *See Hill v. State*, No. 14-19-00262-CR, 2019 WL 2144760 (Tex. App.—Houston [14th Dist.] May 16, 2019, no pet. h.) (mem. op., not designated for publication).

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); s*ee also Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014).

There is no appeal available for appellant from the dismissal of this cause. Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, the appeal from the dismissal in trial court cause number 1510879 is ordered dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Spain and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).