**Dismissed and Memorandum Opinion filed August 12, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00330-CR

**WILLIAM WELDON JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 94-CR-0354**

### MEMORANDUM OPINION

This is an attempted appeal of the trial court's order denying appellant a free copy of transcripts. In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express

statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). *See also Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014).

The denial of a request for transcripts is not an appealable order. On July 8, 2021, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Zimmerer
Do Not Publish — Tex. R. App. P. 47.2(b)