**Dismissed and Memorandum Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00135-CR

**OMAR FELIPE RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0934225**

## MEMORANDUM OPINION

This is an attempted appeal of the trial court's ruling on appellant's motion for judgment nunc pro tunc. In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). An order denying a judgment nunc pro tunc does not result in a new judgment, and no statute vests appellate

courts with jurisdiction over an appeal from an order denying a request for a judgment nunc pro tunc. *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd); *see Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

On March 20, 2023, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Wise, Zimmerer, Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).