**Dismissed and Memorandum Opinion filed October 17, 2023**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00749-CR
## NO. 14-22-00750-CR

_____

## HIPOLITO TORRES GALICIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 19-DCR-089024 & 19-DCR-089025**

## MEMORANDUM OPINION

The State charged appellant with two counts of indecency with a child and one count of aggravated sexual assault of a child. After appellant was convicted of aggravated sexual assault of a child, the State moved to dismiss the two charges for indecency. The trial court granted the motion and dismissed the charges for indecency with a child. Appellant, however, filed a notice of appeal in each of the

three cause numbers, despite there only being a final judgment in one of the causes.

In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). *See also Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014).

There is not a judgment of conviction in trial court cause number 19-DCR-089024, appellate cause number 14-22-00749-CR; nor in trial court cause number 19-DCR-089025, appellate cause number 14-22-00750-CR. Accordingly, we have no jurisdiction over these appeals.

We dismiss the appeals.


PER CURIAM


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).