

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00948-CR

Roscell **HINES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 22-0495-CR-B
Honorable Daniel H. Mills, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: December 27, 2023

DISMISSED FOR WANT OF JURISDICTION

On October 17, 2023 and November 2, 2023, appellant filed pro se notices of appeal indicating that he wished to challenge the trial court's rulings on several pretrial motions. The clerk's record, which was filed on November 6, 2023, does not contain a judgment of conviction or other appealable order. Additionally, the district clerk has informed this court that appellant has not yet been tried or sentenced in this case.

Generally, a criminal defendant may only appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim.

App. 1990). Because no final judgment of conviction has been signed in this case, the rulings appellant seeks to challenge appear to be interlocutory. The courts of appeals lack jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). On November 7, 2023, we ordered appellant to show cause in writing by November 22, 2023 why this appeal should not be dismissed for want of jurisdiction.

On November 9, 2023, appellant filed a motion for extension of time to file his docketing statement. On November 15, 2023, he filed a motion requesting a change of venue in the trial court and/or recusal of the trial court judge. Appellant's motions do not address our November 7 show cause order, and he has not otherwise responded to our order.

On December 5, 2023 and December 6, 2023, the district clerk filed supplemental clerk's records. The supplemental clerk's records do not contain a final judgment of conviction or an appealable interlocutory order.

Because the appellate record does not contain a judgment of conviction or other appealable order, we dismiss this appeal for want of jurisdiction. We deny appellant's pending motions as moot.

PER CURIAM

DO NOT PUBLISH