

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00060-CR

Jessie Marquis **MACWILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR10224
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 6, 2024

DISMISSED FOR LACK OF JURISDICTION

On January 25, 2024, appellant pro se Jessie Marquis MacWilliams filed a notice of appeal from the trial court's Agreed Judgment of Competency to Stand Trial. On January 30, 2024, the clerk's record was filed in this court. The clerk's record does not contain an appealable order. As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *see also State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does

not contain this limitation on its face."). Moreover, "[t]he courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).

This record does not contain a final judgment, and it appears we lack jurisdiction over an appeal from an Agreed Judgment of Competency to Stand Trial. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Fiala v. State*, No. 04-17-00170-CR, 2017 WL 3159439, at *1 (Tex. App.—San Antonio July 26, 2017, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal of competency determination for lack of jurisdiction).

We ordered MacWilliams to show cause by February 12, 2024, why this appeal should not be dismissed for lack of jurisdiction. No response was filed. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH