

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00679-CR

Latoya Marchelle **DOWDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1079
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: November 27, 2024

DISMISSED FOR LACK OF JURISDICTION

On September 4, 2024, appellant filed a notice of appeal, providing she wished to appeal her conviction, with a sentenced imposed on July 21, 2024. The clerk's record has also been filed in this appeal. It shows appellant's indictment in cause no. 2018CR1079—the cause number appealed in this appeal (04-24-00679-CR)—was dismissed on February 7, 2018.

As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and

its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); *cf.* TEX. CODE CRIM. PROC art. 44.01(a)(1) (providing state may appeal dismissal of indictment). Moreover, "[t]he courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Because it appeared we do not have jurisdiction to consider appellant's appeal of the dismissed indictment, we ordered appellant to show cause no later than October 29, 2024 why this appeal should not be dismissed for lack of jurisdiction. We admonished appellant that if she failed to satisfactorily respond to this order within the time provided, the appeal would be dismissed. Appellant has not filed a response.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH