

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00731-CR

Leroy **MOYA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR10125
Honorable Andrew Carruthers, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: December 18, 2024

DISMISSED FOR WANT OF JURISDICTION

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding); *see* TEX. CODE CRIM. PROC. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeal do not have jurisdiction to review interlocutory

orders in a criminal appeal absent express statutory authority. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

In this case, appellant filed a notice of appeal from the trial court's "Agreed Judgment of Incompetency" under which appellant was committed to a facility pursuant to Texas Code of Criminal Procedure 46B.073 for a period not to exceed 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial." We lack jurisdiction over such appeals. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *see Perez v. State*, No. 04-22-00713-CR, 2022 WL 17825892, at *1 (Tex. App.—San Antonio Dec. 21, 2022, no pet.) (per curiam) (mem. op., not designated for publication) (collecting cases).

Because it appeared we lack jurisdiction over this appeal, on October 30, 2024, we ordered appellant to show cause in writing no later than November 13, 2024, why this appeal should not be dismissed for want of jurisdiction. Our order cautioned appellant that if he failed to respond by November 13, 2024, this appeal would be subject to dismissal for want of jurisdiction. Appellant has not responded. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH