# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-25-00543-CR

**S. D. W., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 478TH DISTRICT COURT OF BELL COUNTY
### NO. 24DCR89087, THE HONORABLE WADE NICHOLAS FAULKNER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On July 21, 2025, S.D.W. filed a notice of appeal seeking to challenge her conviction. However, there is no judgment of conviction or other appealable order in the clerk's record, and the trial court clerk has confirmed that the underlying criminal proceeding is still active. On September 4, 2025, the clerk of this Court sent a letter requesting that the parties explain how this Court has jurisdiction over the appeal. In her response, S.D.W. agreed that there is "no judgment of conviction or other appealable order in the Clerk's Record," that the "case is still active," and that "no final judgment has been issued." Accordingly, S.D.W. also agreed that this Court has no jurisdiction over the appeal.

Article 44.02 of the Code of Criminal Procedure provides, "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Tex. Code Crim. Proc. art. 44.02. "This statutory right of appeal has been interpreted as allowing appeal only

from a final judgment." *Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) (noting that defendant's general right to appeal under Article 44.02 "has always been limited to appeal from a 'final judgment'"). "[C]ourts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law." *Ex parte Evans*, 611 S.W.3d at 87; *see* Tex. R. App. P. 25.2(a)(2) (noting that defendants in criminal cases can appeal "judgment of guilt or other appealable order"). Absent a judgment of conviction or an appealable order, we lack jurisdiction to consider S.D.W.'s appeal. *See Perez v. State*, Nos. 03-15-00412—00414-CR, 2015 WL 5118508, at *1 (Tex. App.—Austin Aug. 28, 2015, no pet.) (mem. op., not designated for publication) (dismissing appeals for want of jurisdiction because there were no judgments of conviction); *see also Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed: September 18, 2025

Do Not Publish