Opinion issued April 9, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00036-CR

————————————

**DAYANARA DANAE BAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 1724782**

---

## MEMORANDUM OPINION

On December 13, 2010, appellant Dayanara Danae Baker was convicted of the offense of prostitution and was sentenced to ten days in the Harris County Jail in accordance with a plea bargain with the State. *See* TEX. PENAL CODE § 43.02(a). The trial court certified that this was a plea-bargain case and that appellant had no

right of appeal. On January 5, 2026, appellant filed a notice of appeal, which purports to attempt an untimely appeal of the December 13, 2010 judgment. Appellant also requested appointment of counsel with her notice of appeal. But appellant, who is proceeding pro se, has also filed several letters with the Court, stating that she understands this case was resolved by a guilty plea approximately fifteen years ago and is final, but she requests "consideration of waiving fees for any filing or administrative matters and to facilitate access to employment, housing, and personal records in accordance with Texas law." Appellant has also filed a "Statement of Facts" concerning her conviction in 2010.

As appellant appears to understand, it is too late to attempt to appeal the 2010 judgment and the trial court's certification of the defendant's right to appeal, signed in 2010, found that appellant had no right of appeal. Thus, the clerk's record contains no appealable order or judgment.

"Generally, a criminal defendant may only appeal from a final judgment." *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). If a defendant attempts to appeal a conviction, she must file a timely notice of appeal to invoke the court of appeal's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because the notice of appeal is fifteen years too late and the certification provides no right of appeal, the Court has no jurisdiction to consider an appeal from the 2010 conviction. *See id.* Appellant admits that the 2010 conviction is final and

2

states that she filed the notice of appeal to request consideration of waiving fees. An untimely notice of appeal from a final conviction is not the proper method to seek a waiver of fees.

Because this Court lacks jurisdiction, we dismiss this appeal. *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).