**Motions Denied; Appeal Dismissed and Memorandum Opinion filed March 19, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00820-CR

---

### DAVID EARL SWEED, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 14,907**

---

## MEMORANDUM OPINION

Appellant was convicted of aggravated sexual assault of a child and sentenced to 45 years' confinement on September 7, 2007. This court affirmed appellant's conviction on October 30, 2008. *See Sweed v. State*, No. 14-07-00772-CR, 2008 WL 4735221 (Tex. App.—Houston [14th Dist.] Oct. 30, 2008, pet. dism'd) (not designated for publication). The present appeal is appellant's second effort to appeal the denial of a motion for new trial filed after expiration of the trial

court's plenary power and after this court affirmed his conviction in 2008. *See Sweed v. State*, No. 14-17-00918-CR, 2018 WL 505200, at *1 (Tex. App.— Houston [14th Dist.] Jan. 23, 2018, no pet.) (mem. op.) (not designated for publication).

In Texas, appeals in criminal cases are permitted only when specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The denial of a motion for new trial is not an appealable final judgment or order. Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Additionally, appellant's felony conviction became final in 2008 and the Texas Court of Criminal Appeals has exclusive jurisdiction over matters related to post-conviction relief from a final felony conviction. To the extent appellant seeks in this proceeding post-conviction relief from a final felony conviction, we have no jurisdiction. Tex. Code. Crim. Proc. art. 11.07; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

On February 12, 2020, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

We dismiss the appeal for lack of jurisdiction.[1]


PER CURIAM


Panel consists of Justices Christopher, Jewell and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant's pending motions (for reversal of his conviction; for bail pending appeal; and to take judicial notice of an adjudicative face) are denied as moot.